# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **GALE CARTER and FORBES HAYES,** *on behalf of themselves and those similarly situated,* | : : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | **Case No.: 5:18-cv-00041-TBR** |
| **PASCHALL TRUCK LINES, INC.; ECN FINANCIAL, LLC, as successor to Element Financial Corp.; ELEMENT TRANSPORTATION, LLC, as successor to ECN Financial, LLC; and JOHN DOES 1-20** | : : : : : : | **ELECTRONICALLY FILED** |
| **Defendants.** | : : | |

## DEFENDANT ELEMENT TRANSPORTATION, LLC'S
## ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Element Transportation, LLC ("Element Transportation"), by and through its undersigned counsel, files this answer and defenses to the First Amended Individual, Collective, and Class Action Civil Complaint ("Amended Complaint") filed by Plaintiffs Gale Carter and Forbes Hays (collectively, "Plaintiffs").  Element Transportation denies that it violated the Fair Labor Standards Act ("FLSA"); denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that it is liable to Plaintiffs as a successor in interest; and denies each and every allegation contained in the Amended Complaint, except as specifically admitted herein.

Element Transportation answers each of the paragraphs in the Amended Complaint as follows:

1.      Paragraph 1 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that it erroneously

designated Plaintiffs as independent contractors; denies that it owed wages to Plaintiffs; denies that it unlawfully deducted from and withheld portions of wages owed to Plaintiffs; and denies all remaining allegations in paragraph 1.

2.       Paragraph 2 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that it is covered by 49 U.S.C. § 14704; and denies all remaining allegations in paragraph 2.

3.       Paragraph 3 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 29 U.S.C. § 1589; denies that it developed or participated in any scheme to violate 29 U.S.C. § 1589; and denies all remaining allegations in paragraph 3.

4.       Paragraph 4 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated Pennsylvania common law; and denies all remaining allegations in paragraph 4.

5.       Element Transportation incorporates its answers to paragraphs 1 through 4 as if set forth in their entirety.

6.       Paragraph 6 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation admits only that Plaintiffs purport to bring claims under the FLSA; 18 U.S.C. § 1589; 49 U.S.C. § 14704; and Pennsylvania common law.  Element Transportation denies all remaining allegations in paragraph 6.

7.       Paragraph 7 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that the amount in controversy exceeds $5 million on Plaintiffs' Pennsylvania common law claims; and denies all remaining allegations in paragraph 7.

8.       Paragraph 8 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that consented to jurisdiction in this Court via a choice

of law and venue provision in its agreements with Plaintiffs; denies that it is party to any lease

agreement with Plaintiffs; and denies all remaining allegations in paragraph 8.

9.      Paragraph 9 is a conclusion of law requiring no response.  To the extent a response

is required, Element Transportation all factual allegations contained in paragraph 9.

10.     Element Transportation incorporates its answers to paragraphs 1 through 9 as if set

forth in their entirety.

11.     Upon information and belief, Element Transportation admits that Plaintiff Gale

Carter is an adult individual residing at 3670 Buckingham Ave., Horn Lake, MS 38637.

12.     Upon information and belief, Element Transportation admits that Plaintiff Forbes

Hays (incorrectly identified in the Amended Complaint as Forbes Hayes) is an adult individual

residing at 705 Harwell Drive, Brunswick, GA 31532.

13.     Upon information and belief, Element Transportation admits that Defendant PTL is

a truckload carrier operating throughout the United States; and admits that Defendant PTL is a

corporation with its principal place of business as set forth in the caption.

14.     After reasonable investigation, Element Transportation is without sufficient

information to determine the truth of the allegations in paragraph 14 and, therefore, denies them.

15.     Paragraph 15 is a conclusion of law requiring no response.  To the extent a response

is required, after reasonable investigation, Element Transportation is without sufficient information

to determine the truth of the allegations in paragraph 15 and, therefore, denies them.

16.     Paragraph 16 is a conclusion of law requiring no response.  To the extent a response

is required, Element Transportation admits only that it is a Delaware limited liability company.

Element Transportation denies that it is a successor in interest to Defendant ECN; denies that it

provides equipment financing to Defendant PTL; denies that it received the benefit of any

agreements between Defendant ECN and Plaintiffs; denies that it conspired with Defendant PTL to

deny Plaintiffs benefits under the FLSA or state law; and denies all remaining allegations in paragraph 16.

17.     Paragraph 17 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it was a part of any scheme whereby Defendant ECN leased tractor trailers and driving services to Plaintiffs; denies that it was a part of any scheme whereby Plaintiffs were misclassified as independent contractors; denies that it was a part of any scheme whereby Plaintiffs were deprived of rights under federal or state law; and denies all remaining allegations in paragraph 17.

18.     Paragraph 18 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 18 and, therefore, denies them.

19.     Paragraph 19 is a conclusion of law requiring no response.  Element Transportation denies as stated the allegations in paragraph 19 because the Lease Agreements are written documents that speak for themselves.

20.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 21 and, therefore, denies them.

22.     Paragraph 22 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 22 because the Lease Agreements are written documents that speak for themselves.

23.     Paragraph 23 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 23 because the Lease Agreements are written documents that speak for themselves.

24.     Paragraph 24 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it was a joint employer of Plaintiffs; and denies as stated the remaining allegations in paragraph 24 because the Lease Agreements and ICS Agreements are written documents that speak for themselves.

25.     Paragraph 25 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it is a successor in interest to Defendant ECN; and denies all remaining allegations in paragraph 25.

26.     Paragraph 26 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 26 and, therefore, denies them.

27.     Paragraph 27 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 27 and, therefore, denies them.

28.     Paragraph 28 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 28 and, therefore, denies them.

29.     Element Transportation incorporates its answers to paragraphs 1 through 20 as if set forth in their entirety.

30.     Paragraph 30 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that Plaintiffs are similarly situated, within the meaning of Section 16(b) of the FLSA, to all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during the three years preceding the date the instant action was initiated; and denies all remaining allegations in paragraph 30.

31.     Paragraph 31 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that Plaintiffs are similarly situated, within the meaning of Section 16(b) of the FLSA, to all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during the three years preceding the date the instant action was initiated; and denies all remaining allegations in paragraph 31.

32.     Paragraph 32 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that Plaintiffs are similarly situated, within the meaning of Section 16(b) of the FLSA, to all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during the three years preceding the date the instant action was initiated; and denies all remaining allegations in paragraph 32.

33.     Paragraph 33 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that Plaintiffs are similarly situated, within the meaning of Section 16(b) of the FLSA, to all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during the three years preceding the date the instant action was initiated; and denies all remaining allegations in paragraph 33.

34.     Paragraph 34 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA; denies that Plaintiffs are similarly situated, within the meaning of Section 16(b) of the FLSA, to all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during the three years preceding the date the instant action was initiated; and denies all remaining allegations in paragraph 34.

35.    Element Transportation incorporates its answers to paragraphs 1 through 34 as if set forth in their entirety.

36.    Paragraph 36 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 36.

37.    Paragraph 37 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies that Plaintiffs can establish numerosity; and denies all remaining allegations in paragraph 37.

38.     Paragraph 38 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 38.

39.    Paragraph 39 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 29 U.S.C. § 1589; denies that Plaintiffs are

proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their Lease Agreements because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 39.

40.     Paragraph 40 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements with PTL because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 40.

41.     Paragraph 41 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 41.

42.     Paragraph 42 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 42.

43.     Paragraph 43 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 43.

44.     Paragraph 44 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 44.

45.     Element Transportation incorporates its answers to paragraphs 1 through 44 as if set forth in their entirety.

46.     Paragraph 46 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated Plaintiffs' characterization of the Truth-in-Leasing regulations because the regulations are written documents that speak for themselves; and denies all remaining allegations in paragraph 46.

47.     Paragraph 47 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated Plaintiffs' characterization of the Truth-in-Leasing regulations because the regulations are written documents that speak for themselves; and denies all remaining allegations in paragraph 47.

48.     Paragraph 48 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated Plaintiffs' characterization of the Truth-in-Leasing regulations because the regulations are written documents that speak for themselves; and denies all remaining allegations in paragraph 48.

49.     Element Transportation incorporates its answers to paragraphs 1 through 48 as if set forth in their entirety.

50.     Paragraph 50 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that Plaintiff Gale Carter worked for it as a commercial truck driver; and denies all remaining allegations in paragraph 50.

51.     Paragraph 51 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that Plaintiff Forbes Hays (incorrectly identified in the Amended Complaint as Forbes Hayes) worked for it as a commercial truck driver; and denies all remaining allegations in paragraph 51.

52.     Paragraph 52 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations in paragraph 52.

53.     Paragraph 53 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations in paragraph 53.

54.     Element Transportation incorporates its answers to paragraphs 1 through 53 as if set forth in their entirety.

55.     Paragraph 55 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 55 and, therefore, denies them.

56.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 56 and, therefore, denies them.

57.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 57 and, therefore, denies them.

58.     Element Transportation admits only that it provides financial services.  Element Transportation denies that it is a successor to Defendant ECN; denies that it provides vehicle leasing services to Defendants PTL; and denies all remaining allegations in paragraph 58.

59.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 59 and, therefore, denies them.

60.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 60 and, therefore, denies them.

61.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 61 and, therefore, denies them.

62.     Element Transportation denies as stated Plaintiffs' characterization of their Lease Agreement because they are written documents that speak for themselves. After reasonable

investigation, Element Transportation is without sufficient information to determine the truth of the remaining allegations in paragraph 62 and, therefore, denies them.

63.     Element Transportation denies as stated the allegations of paragraph 63 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

64.     Element Transportation denies as stated the allegations of paragraph 64 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

65.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 65 and, therefore, denies them.

66.     Paragraph 66 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 66 and, therefore, denies them.

67.     Paragraph 67 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 67 and, therefore, denies them.

68.     Paragraph 68 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it controlled or directed Plaintiffs in the performance of their work; and denies the remaining allegations of paragraph 68.

69.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 69 and, therefore, denies them.

70.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 70 and, therefore, denies them.

71.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 71 and, therefore, denies them.

72.     Element Transportation denies that it assigned Plaintiffs a driver leader/manager; and denies all remaining allegations of paragraph 72.

73.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 73 and, therefore, denies them.

74.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 74 and, therefore, denies them.

75.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 75 and, therefore, denies them.

76.     Element Transportation denies that it employed Plaintiffs; and denies all remaining allegations of paragraph 76.

77.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 77 and, therefore, denies them.

78.     Paragraph 78 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 78 and, therefore, denies them.

79.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 79 and, therefore, denies them.

80.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 80 and, therefore, denies them.

81.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 81 and, therefore, denies them.

82.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 82 and, therefore, denies them.

83.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 83 and, therefore, denies them.

84.     Paragraph 84 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies Plaintiffs were economically dependent on it; and denies all remaining allegations in paragraph 84.

85.     Paragraph 85 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies it directed the work performed by Plaintiffs; denies it provided the work performed by Plaintiffs; denies it supervised the work performed by Plaintiffs; denies Plaintiffs performed work on its behalf; and denies all remaining allegations in paragraph 85.

86.     Element Transportation incorporates its answers to paragraphs 1 through 85 as if set forth in their entirety.

87.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 87 and, therefore, denies them.

88.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 88 and, therefore, denies them.

89.     Paragraph 89 is a conclusion of law requiring no response.

90.     Paragraph 90 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 90 and, therefore, denies them.

91.     Paragraph 91 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 91 and, therefore, denies them.

92.     Paragraph 92 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 92 and, therefore, denies them.

93.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     The Amended Complaint does not contain a paragraph 94.

95.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 95 and, therefore, denies them.

96.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 96 and, therefore, denies them.

97.     Element Transportation incorporates its answers to paragraphs 1 through 96 as if set forth in their entirety.

98.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 98 and, therefore, denies them.

99.     Element Transportation denies as stated the allegations in paragraph 99 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

100.    Element Transportation denies that the trucks provided to Plaintiffs were leased from Element Transportation; and denies that it is a successor in interest to Defendant ECN.  After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the remaining allegations in paragraph 100 and, therefore, denies them.

101.    Paragraph 101 is a conclusion of law requiring no response.

102.    Paragraph 102 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 102 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

103.     Paragraph 103 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 103 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

104.     Paragraph 104 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 104 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

105.     Paragraph 105 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 105 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

106.     Paragraph 106 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 106 because Plaintiffs' ICS Agreements are written documents that speak for themselves

107.     Paragraph 107 is a conclusion of law requiring no response.

108.     Paragraph 108 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 108 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

109.     Paragraph 109 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 109 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

110.     Paragraph 110 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 110 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

111.     Element Transportation incorporates its answers to paragraphs 1 through 110 as if set forth in their entirety.

112.    Element Transportation denies that it employed Plaintiffs; denies that Plaintiffs performed anhy work for it; denies that it forced Plaintiffs to labor for any Defendant; and denies all allegations in paragraph 112.

113.    Element Transportation denies that it benefited financially in any arrangement involving Plaintiffs; denies that it knowingly participated in any alleged scheme involving Plaintiffs; and denies all allegations in paragraph 113.

114.    Element Transportation denies as stated the allegations in paragraph 114 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

115.    Element Transportation denies as stated the allegations in paragraph 115 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

116.    Element Transportation denies that Plaintiffs worked for it; denies that it had the ability to provide assignments to Plaintiffs; and denies as stated the remaining allegations in paragraph 116 because Plaintiffs' Agreements are written documents that speak for themselves.

117.    Element Transportation denies that it had the ability to put Plaintiffs into default of their Lease Agreements; denies that it had the ability to control Plaintiffs' work; and denies as stated the remaining allegations in paragraph 117 because Plaintiffs' Agreements are written documents that speak for themselves.

118.    Element Transportation denies that it had the ability to terminate Plaintiffs' ICS Agreements; and denies as stated the remaining allegations in paragraph 118 because Plaintiffs' Agreements are written documents that speak for themselves.

119.    Element Transportation denies the allegations in paragraph 119.

120.    Element Transportation incorporates its answers to paragraphs 1 through 119 as if set forth in their entirety.

121.    Paragraph 121 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it was Plaintiffs' employer; and denies all remaining allegations in paragraph 121.

122.    Paragraph 122 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that Plaintiffs were its employees; and denies all remaining allegations in paragraph 122.

123.    Paragraph 123 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated the FLSA as to Plaintiffs and Collective Plaintiffs; and denies all remaining allegations in paragraph 123.

124.    Paragraph 124 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it employed Plaintiffs and Collective Plaintiffs; denies that it harmed Plaintiffs and Collective Plaintiffs; and denies all remaining allegations in paragraph 124.

125.    Paragraph 125 is a conclusion of law requiring no response.

126.    Paragraph 126 is a conclusion of law requiring no response.

127.    Paragraph 127 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it employed Plaintiffs and Collective Plaintiffs; denies that it violated the FLSA as to Plaintiffs and Collective Plaintiffs; denies that any such violations were willful; and denies all remaining allegations in paragraph 127.

128.    Paragraph 128 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it employed Plaintiffs and Collective Plaintiffs; denies that it was required to compensate Plaintiffs and Collective Plaintiffs; denies that it violated the FLSA as to Plaintiffs and Collective Plaintiffs; and denies all remaining allegations in paragraph 128.

129.     Element Transportation incorporates its answers to paragraphs 1 through 128 as if set forth in their entirety.

130.     Paragraph 130 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 130 and, therefore, denies them.

131.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 131 and, therefore, denies them.

132.     Element Transportation incorporates its answers to paragraphs 1 through 131 as if set forth in their entirety.

133.     Element Transportation denies that it obtained the labor of Plaintiffs; denies that it threatened Plaintiffs with serious harm; and denies all remaining allegations in paragraph 133.

134.     Element Transportation denies the allegations in paragraph 134.

135.     Paragraph 135 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 18 U.S.C. §§ 1589 and 1595.

136.     Paragraph 136 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it entered into any contracts with Plaintiffs; denies that it obtained any labor from Plaintiffs; denied that it was unjustly enriched by Plaintiffs; and denies all remaining allegations in paragraph 136.

137.     Element Transportation denies that its conduct caused Plaintiffs to suffer any damages; and denies all remaining allegations in paragraph 137.

The allegations in the WHEREFORE clause state a prayer for relief requiring no response. To the extent a response is required, Element Transportation denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

1.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because the Amended Complaint fails to state any claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the applicable statutes of limitations.

3.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were properly classified as independent contractors.

4.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required contractual and statutory payments.

5.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Element Transportation.

6.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

7.      To the extent that Plaintiffs and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled by Element Transportation, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

8.      If Element Transportation failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is denied, they have not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

9.      If Element Transportation failed to pay Plaintiffs and/or members of the purported class and collective action any overtime wages, although such is denied, none of Element Transportation's actions or omissions constituted a willful violation.

10.     Element Transportation acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiffs and/or members of the purported class and collective action.

11.     Plaintiffs have failed to satisfy the prerequisites for bringing a class or collective action.

12.     Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Element Transportation's right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of Pennsylvania.

13.     An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Element Transportation's due process and other rights under the United States Constitution, as well as the Constitution of Pennsylvania.

14.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred as to all hours allegedly worked of which Element Transportation lacked knowledge.

15.     Plaintiffs and/or members of the purported class and collective action failed to mitigate damages, entitlement to which is expressly denied.

16.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are offset by any amounts owed to Element Transportation, including but not limited to overpayments or other forms of unjust enrichment.

17.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they failed to demand payment.

18.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

19.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred to the extent they seek remedies beyond those provided for by the FLSA, 18 U.S.C. § 1589, 49 U.S.C. § 14704, or Pennsylvania law.

20.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA, 18 U.S.C. § 1589, 49 U.S.C. § 14704, or Pennsylvania law.

21.     Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

22.     Although Plaintiffs are not similarly situated to other individuals, and this action may not proceed as a class or collective action, Element Transportation reserves the right to assert any of the above defenses as well as additional defenses as to any individual who files a consent to join in this action, or any putative class or collective action member.

23.     Element Transportation reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, Element Transportation respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

*/s/ Richard L. Etter*
Richard L. Etter (PA 92835)
FROST BROWN TODD LLC
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, Pennsylvania 15219
Telephone: (412) 513-4332
Fax: (412) 513-4299
retter@fbtlaw.com

*Counsel for Element Transportation, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 5 2018, a true and accurate copy of the foregoing was filed

electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic

filing system. Parties may access this filing through the Court's system.

*/s/  Richard L. Etter*