**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| GALE CARTER *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.:  5:18-cv-00041-TBR |
| v. | ) | |
| | ) | |
| PASCHALL TRUCK LINES, INC. *et al.,* | ) | |
| | ) | ELECTRONICALLY FILED |
| Defendants. | ) | |

## DEFENDANT ELEMENT TRANSPORTATION, LLC'S
## <u>ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT</u>

Defendant Element Transportation, LLC ("Element Transportation"), by and through its undersigned counsel, files this answer and defenses to the Second Amended Individual, Collective, and Class Action Civil Complaint ("Second Amended Complaint") filed by Plaintiffs Gale Carter and Forbes Hays (collectively, "Plaintiffs").  Element Transportation denies that it violated any laws as to Plaintiffs, denies that it is liable to Plaintiffs as a successor in interest, and denies every allegation contained in the Second Amended Complaint, except as specifically admitted herein.

Element Transportation answers each of the paragraphs in the Second Amended Complaint as follows:

1.      Paragraph 1 requires no response because it contains no allegations against Element Transportation and because it is a conclusion of law.  To the extent a response is required, Element Transportation denies that it violated the Fair Labor Standards Act ("FLSA"); denies that it erroneously designated Plaintiffs as independent contractors; denies that it owed wages to Plaintiffs; denies that it unlawfully deducted from and withheld portions of wages owed to Plaintiffs; and denies all remaining allegations in paragraph 1.

2.      Paragraph 2 requires no response because it contains no allegations against Element Transportation and because it is a conclusion of law.  To the extent a response is required, Element Transportation denies that it violated the Truth-in-Leasing Act ("TILA"); denies that it is covered by the TILA; and denies all remaining allegations in paragraph 2.

3.      Paragraph 3 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 29 U.S.C. § 1589; denies that it developed or participated in any scheme to violate 29 U.S.C. § 1589; and denies all remaining allegations in paragraph 3.

4.      Paragraph 4 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated Pennsylvania common law; denies that it was unjustly enriched at Plaintiffs' expense, and denies all remaining allegations in paragraph 4.

5.      Element Transportation incorporates its answers to paragraphs 1 through 4 as if set forth in their entirety.

6.      Paragraph 6 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation admits only that Plaintiffs purport to bring claims against it under 29 U.S.C. § 1589 and Pennsylvania common law.  Element Transportation denies all remaining allegations in paragraph 6.

7.      Paragraph 7 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that the amount in controversy exceeds $5 million on Plaintiffs' Pennsylvania common law claims; and denies all remaining allegations in paragraph 7.

8.      Paragraph 8 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that consented to jurisdiction in this Court via a choice of law and venue provision in its agreements with Plaintiffs; denies that it is party to any lease agreement with Plaintiffs; and denies all remaining allegations in paragraph 8.

9.      Paragraph 9 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation all factual allegations contained in paragraph 9.

10.     Element Transportation incorporates its answers to paragraphs 1 through 9 as if set forth in their entirety.

11.     Upon information and belief, Element Transportation admits that Plaintiff Gale Carter is an adult individual residing at 3670 Buckingham Ave., Horn Lake, MS 38637.

12.     Upon information and belief, Element Transportation admits that Plaintiff Forbes Hays is an adult individual residing at 705 Harwell Drive, Brunswick, GA 31532.

13.     Upon information and belief, Element Transportation admits that Defendant PTL is a truckload carrier operating throughout the United States; and admits that Defendant PTL is a corporation with its principal place of business as set forth in the caption.

14.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 14 and, therefore, denies them.

15.     Paragraph 15 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 15 and, therefore, denies them.

16.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 16 and, therefore, denies them.

17.     Paragraph 17 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 17 and, therefore, denies them.

18.     Element Transportation admits only that on or about October 3, 2016 Element Financial Corporation split to become Element Fleet Management Corporation and ECN Capital Corporation.  Element Transportation denies all remaining allegations of paragraph 18.

19.     Element Transportation admits only that on or about October 3, 2016 Element Financial Corporation split to become Element Fleet Management Corporation and ECN Capital Corporation.  Element Transportation denies all remaining allegations of paragraph 19.

20.     Paragraph 20 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Element Transportation denies that Element Fleet Management Corporation provides or has provided equipment leasing services to Plaintiffs or any allegedly similarly situated individuals.

22.     Paragraph 22 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Paragraph 23 is a conclusion of law requiring no response.

24.     Paragraph 24 is a conclusion of law requiring no response.

25.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 25 and, therefore, denies them.

26.     Paragraph 26 is a conclusion of law requiring no response.

27.     Admitted.

28.     Paragraph 28 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it is a wholly owned subsidiary of Element Fleet Management Corporation, and denies that it is a successor in interest to Element Fleet Corporation.

29.     Element Transportation admits only that on September 19, 2016 it acquired a beneficial interest in certain assets from Element Financial, LLC.  Element Transportation denies that remaining allegations of paragraph 29.

30.     Element Transportation admits only that it acquired a beneficial interest in certain assets, including a beneficial interest in the vehicles previously leased to Plaintiffs.  Element Transportation denies that remaining allegations of paragraph 30.

31.     Element Transportation denies that at all relevant times prior to December 30, 2016 it provided leasing services to drivers of Defendant PTL.

32.     Paragraph 32 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations of paragraph 32.

33.     Admitted upon information and belief.

34.     Admitted upon information and belief.

35.     Admitted upon information and belief.

36.     Paragraph 36 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations of paragraph 36.

37.     Paragraph 37 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations of paragraph 37.

38.     Paragraph 38 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies all allegations of paragraph 38.

39.     Admitted upon information and belief.

40.     Paragraph 40 is a conclusion of law requiring no response.

41.     Paragraph 41 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it was a part of any scheme whereby Defendants leased tractor trailers and driving services to Plaintiffs; denies that it was a part of any scheme whereby Plaintiffs were misclassified as independent contractors; denies that it was a part of any scheme whereby Plaintiffs were deprived of rights under federal or state law; and denies all remaining allegations in paragraph 41.

42.     Paragraph 42 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 42 and, therefore, denies them.

43.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 43 and, therefore, denies them.

44.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 44 and, therefore, denies them.

45.     Paragraph 45 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 45 because the Lease Agreements are written documents that speak for themselves.

46.     Paragraph 46 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 46 because the Lease Agreements are written documents that speak for themselves.

47.     Paragraph 47 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it was a joint employer of Plaintiffs; and denies as stated the remaining allegations in paragraph 47 because the Lease Agreements and ICS Agreements are written documents that speak for themselves.

48.     Paragraph 48 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 48 and, therefore, denies them.

49.     Paragraph 49 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 49 and, therefore, denies them.

50.     Paragraph 50 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 50 and, therefore, denies them.

51.     Element Transportation incorporates its answers to paragraphs 1 through 50 as if set forth in their entirety.

52.     Paragraph 52 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

53.     Paragraph 53 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  .

54.      Paragraph 54 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

55.     Paragraph 55 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

56.     Paragraph 56 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

57.     Element Transportation incorporates its answers to paragraphs 1 through 56 as if set forth in their entirety.

58.     Paragraph 58 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that it violated

29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 58.

59.      Paragraph 59 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies that Plaintiffs can establish numerosity; and denies all remaining allegations in paragraph 59.

60.      Paragraph 60 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 49 U.S.C. § 14704; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 60.

61.      Paragraph 61 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

62.      Paragraph 62 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease

operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements with PTL because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 62.

63.     Paragraph 63 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 63.

64.     Paragraph 64 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 64.

65.     Paragraph 65 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 65.

66.     Paragraph 66 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies the allegations in paragraph 66.

67.     Element Transportation incorporates its answers to paragraphs 1 through 66 as if set forth in their entirety.

68.     Paragraph 68 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

69.     Paragraph 69 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

70.     Paragraph 70 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

71.     Element Transportation incorporates its answers to paragraphs 1 through 70 as if set forth in their entirety.

72.     Admitted upon information and belief.

73.     Admitted upon information and belief.

74.     Paragraph 74 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 74 and, therefore, denies them.

75.     Paragraph 75 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 75 and, therefore, denies them.

76.     Element Transportation denies that at all relevant times Plaintiffs and members of the alleged collective and alleged classes leased trucks from Element Defendants for the purpose of driving freight for Defendant PTL.

77.     Element Transportation incorporates its answers to paragraphs 1 through 76 as if set forth in their entirety.

78.     Paragraph 77 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 77 and, therefore, denies them.

79.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 79 and, therefore, denies them.

80.     Element Transportation denies that Element Defendants are financial services companies that provide vehicle leasing services to Defendant PTL.

81.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 81 and, therefore, denies them.

82.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 82 and, therefore, denies them.

83.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 83 and, therefore, denies them.

84.     Element Transportation denies as stated Plaintiffs' characterization of their Lease Agreement because they are written documents that speak for themselves. After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the remaining allegations in paragraph 84 and, therefore, denies them.

85.     Element Transportation denies as stated the allegations of paragraph 85 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

86.     Element Transportation denies as stated the allegations of paragraph 86 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

87.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 87 and, therefore, denies them.

88.     Element Transportation denies as stated the allegations of paragraph 86 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

89.     Element Transportation denies as stated the allegations of paragraph 86 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

90.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 90 and, therefore, denies them.

91.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 91 and, therefore, denies them.

92.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 92 and, therefore, denies them.

93.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 94 and, therefore, denies them.

95.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 95 and, therefore, denies them.

96.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 96 and, therefore, denies them.

97.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 97 and, therefore, denies them.

98.     Element Transportation denies that it employed Plaintiffs; and denies all remaining allegations of paragraph 98.

99.     After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 99 and, therefore, denies them.

100.    Paragraph 100 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 100 and, therefore, denies them.

101.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 101 and, therefore, denies them.

102.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 102 and, therefore, denies them.

103.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 103 and, therefore, denies them.

104.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 104 and, therefore, denies them.

105.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 105 and, therefore, denies them.

106.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 106 and, therefore, denies them.

107.    After reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 107 and, therefore, denies them.

108.    Element Transportation incorporates its answers to paragraphs 1 through 108 as if set forth in their entirety.

109.    Paragraph 109 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 109 and, therefore, denies them.

110.    Paragraph 110 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 110 and, therefore, denies them.

111.    Paragraph 111 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

112.    Paragraph 112 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 112 and, therefore, denies them.

113.    Paragraph 113 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 113 and, therefore, denies them.

114.    Paragraph 114 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 114 and, therefore, denies them.

115.    Paragraph 115 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 115 and, therefore, denies them.

116.    Paragraph 116 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a

response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 116 and, therefore, denies them.

117.     Paragraph 117 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 117 and, therefore, denies them.

118.     Paragraph 118 requires no response because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 118 and, therefore, denies them.

119.     Element Transportation incorporates its answers to paragraphs 1 through 118 as if set forth in their entirety.

120.     Paragraph 120 requires no response because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, after reasonable investigation, Element Transportation is without sufficient information to determine the truth of the allegations in paragraph 120 and, therefore, denies them.

121.     Paragraph 121 requires no response because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 121 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

122.     Paragraph 122 requires no response because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies that the trucks provided to Plaintiffs were leased from

Element Transportation; and is without sufficient information to determine the truth of the remaining allegations in paragraph 122 and, therefore, denies them.

123.     Paragraph 123 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

124.     Paragraph 124 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 124 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

125.     Paragraph 125 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 125 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

126.     Paragraph 126 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 126 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

127.     Paragraph 127 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the

allegations in paragraph 127 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

128.     Paragraph 128 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 128 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

129.     Paragraph 129 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

130.     Paragraph 130 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 130 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

131.     Paragraph 131 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.  To the extent a response is required, Element Transportation denies as stated the allegations in paragraph 131 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

132.     Paragraph 132 requires no response because it is a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

133.   Element Transportation incorporates its answers to paragraphs 1 through 132 as if set forth in their entirety.

134.   Element Transportation denies that Plaintiffs performed any work for it; denies that it forced Plaintiffs to labor for any Defendant; and denies all allegations in paragraph 134.

135.   Element Transportation denies that it benefited financially in any arrangement involving Plaintiffs; denies that it participated in any alleged scheme involving Plaintiffs; and denies all allegations in paragraph 135.

136.   Element Transportation denies as stated the allegations in paragraph 136 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

137.   Element Transportation denies as stated the allegations in paragraph 137 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

138.   Element Transportation denies as stated the allegations in paragraph 138 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

139.   Element Transportation denies as stated the allegations in paragraph 139 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

140.   Element Transportation denies as stated the allegations in paragraph 140 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

141.   Element Transportation denies as stated the allegations in paragraph 141 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

142.   Element Transportation denies as stated the allegations in paragraph 142 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

143.   Element Transportation denies the allegations in paragraph 143.

144.   Element Transportation incorporates its answers to paragraphs 1 through 143 as if set forth in their entirety.

145.     Paragraph 145 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

146.     Paragraph 146 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

147.     Paragraph 147 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

148.     Paragraph 148 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

149.     Paragraph 149 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

150.     Paragraph 150 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

151.     Paragraph 151 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

152.     Paragraph 152 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any FLSA claims against Element Transportation.

153.    Element Transportation incorporates its answers to paragraphs 1 through 153 as if set forth in their entirety.

154.    Paragraph 154 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

155.    Paragraph 155 requires no response because it states a conclusion of law and because Plaintiffs do not assert and have dismissed with prejudice any TILA claims against Element Transportation.

156.    Element Transportation incorporates its answers to paragraphs 1 through 155 as if set forth in their entirety.

157.    Element Transportation denies that it obtained the labor of Plaintiffs; denies that it threatened Plaintiffs with serious harm; and denies all remaining allegations in paragraph 157.

158.    Element Transportation denies the allegations in paragraph 158.

159.    Paragraph 159 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it violated 18 U.S.C. §§ 1589 and 1595.

160.    Element Transportation incorporates its answers to paragraphs 1 through 159 as if set forth in their entirety.

161.    Paragraph 161 is a conclusion of law requiring no response.  To the extent a response is required, Element Transportation denies that it entered into any contracts with Plaintiffs; denies that it obtained any labor from Plaintiffs; denied that it was unjustly enriched by Plaintiffs; and denies all remaining allegations in paragraph 161.

162.    Element Transportation denies that its conduct caused Plaintiffs to suffer any damages; and denies all remaining allegations in paragraph 162.

The allegations in the WHEREFORE clause state a prayer for relief requiring no response.

To the extent a response is required, Element Transportation denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

1.       Plaintiffs' FLSA and TILA claims have been dismissed with prejudice.

2.       Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because the Second Amended Complaint fails to state any claim or cause of action upon which relief can be granted.

3.       Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, by the applicable statutes of limitations.

4.       Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because at all relevant times, they were paid the required contractual and statutory payments.

5.       Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Element Transportation.

6.       Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

7.       To the extent that Plaintiffs and/or members of the purported classes were paid compensation beyond that to which they were entitled by Element Transportation, such additional compensation would satisfy, in whole or in part, any alleged claim for monetary relief.

8.       Plaintiffs have failed to satisfy the prerequisites for bringing a class action.

9.      Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Element Transportation's right to due process under the Fourteenth Amendment of the United States Constitution.

10.      An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Element Transportation's due process and other rights under the United States Constitution.

11.      Plaintiffs and/or members of the purported classes failed to mitigate damages, entitlement to which is expressly denied.

12.      Plaintiffs' claims and/or the claims of members of the purported classes are offset by any amounts owed to Element Transportation, including but not limited to overpayments or other forms of unjust enrichment.

13.      Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because they failed to demand payment.

14.      Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

15.      Element Transportation reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, Element Transportation respectfully requests that the claims alleged in the Second Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

*/s/ Richard L. Etter*
Richard L. Etter (PA 92835)
Christopher Polchin (PA 316636)
FOX ROTHSCHILD LLP

500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for Element Transportation, LLC*

Dated:  October 29, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, a true and accurate copy of the foregoing was

served via the Court's ECF system on the following counsel of record:

Justin L. Swidler
jswidler@swartz-legal.com
Joshua S. Boyette
jboyette@swartz-legal.com
Travis Martindale-Jarvis
tmartindale@swartz-legal.com
Swartz Swidler, LLC

*Attorneys for Gale Carter and Forbes Hays*

Christopher J. Eckhart
ceckhart@scopelitis.com
E. Ashley Paynter
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

*Attorneys for Paschall Truck Lines, Inc.*


*/s/ Richard L. Etter*
Counsel for Element Transportation LLC