**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| **GALE CARTER et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.:  5:18-cv-00041-TBR** |
| v. | ) | |
| | ) | |
| **PASCHALL TRUCK LINES, INC. et al.,** | ) | |
| | ) | **ELECTRONICALLY FILED** |
| **Defendants.** | ) | |

**DEFENDANT 19ᵀᴴ CAPITAL GROUP, LLC'S
<u>ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT</u>**

Defendant 19th Capital Group, LLC ("19th Capital"), by and through its undersigned counsel, files this answer and defenses to the Second Amended Individual, Collective, and Class Action Civil Complaint ("Second Amended Complaint") filed by Plaintiffs Gale Carter and Forbes Hays (collectively, "Plaintiffs").  19th Capital denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that it is liable to Plaintiffs as a successor in interest; and denies each and every allegation contained in the Second Amended Complaint, except as specifically admitted herein.

19th Capital answers each of the paragraphs in the Second Amended Complaint as follows:

1.      Paragraph 1 requires no response because it contains no allegations against 19th Capital and because it is a conclusion of law.  To the extent a response is required, 19th Capital denies that it violated the Fair Labor Standards Act ("FLSA"); denies that it erroneously designated Plaintiffs as independent contractors; denies that it owed wages to Plaintiffs; denies that it unlawfully deducted from and withheld portions of wages owed to Plaintiffs; and denies all remaining allegations in paragraph 1.

2.      Paragraph 2 requires no response because it contains no allegations against 19th

Capital and because it is a conclusion of law.  To the extent a response is required, 19th Capital

denies that it violated the Truth-in-Leasing Act ("TILA"); denies that it is covered by the TILA; and

denies all remaining allegations in paragraph 2.

3.      Paragraph 3 is a conclusion of law requiring no response.  To the extent a response

is required, 19th Capital denies that it violated 29 U.S.C. § 1589; denies that it developed or

participated in any scheme to violate 29 U.S.C. § 1589; and denies all remaining allegations in

paragraph 3.

4.      Paragraph 4 is a conclusion of law requiring no response.  To the extent a response

is required, 19th Capital denies that it violated Pennsylvania common law; and denies all remaining

allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      19th Capital incorporates its answers to paragraphs 1 through 4 as if set forth in their

entirety.

6.      Paragraph 6 is a conclusion of law requiring no response.  To the extent a response

is required, 19th Capital admits only that Plaintiffs purport to bring claims against it under both 18

U.S.C. § 1589 and Pennsylvania common law.  19th Capital denies all remaining allegations in

paragraph 6.

7.      Paragraph 7 is a conclusion of law requiring no response.  To the extent a response

is required, 19th Capital denies that the amount in controversy exceeds $5 million on Plaintiffs'

Pennsylvania common law claims; and denies all remaining allegations in paragraph 7.

8.      Paragraph 8 is a conclusion of law requiring no response.  To the extent a response

is required, 19th Capital denies that consented to jurisdiction in this Court via a choice of law and

venue provision in its agreements with Plaintiffs; denies that it is party to any lease agreement with Plaintiffs; and denies all remaining allegations in paragraph 8.

9.      Paragraph 9 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies all factual allegations contained in paragraph 9.

## PARTIES

10.      19th Capital incorporates its answers to paragraphs 1 through 9 as if set forth in their entirety.

11.      Upon information and belief, 19th Capital admits that Plaintiff Gale Carter is an adult individual residing at 3670 Buckingham Ave., Horn Lake, MS 38637.

12.      Upon information and belief, 19th Capital admits that Plaintiff Forbes Hays (incorrectly identified in the Amended Complaint as Forbes Hayes) is an adult individual residing at 705 Harwell Drive, Brunswick, GA 31532.

13.      Upon information and belief, 19th Capital admits that Defendant PTL is a truckload carrier operating throughout the United States; and admits that Defendant PTL is a corporation with its principal place of business as set forth in the caption.

14.      After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 14 and, therefore, denies them.

15.      Paragraph 15 requires no response because it contains no allegations against 19th Capital and because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 15 and, therefore, denies them.

16.      After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 16, and, therefore denies them.

17.     Paragraph 17 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19ᵗʰ Capital is without sufficient information to determine the truth of the allegations in paragraph 17 and, therefore, denies them.

18.     19ᵗʰ Capital admits only that on or about October 3, 2016 Element Financial Corporation split to become Element Fleet Management Corporation and ECN Capital Corporation.  19ᵗʰ Capital denies all remaining allegations of paragraph 18.

19.     19ᵗʰ Capital admits only that on or about October 3, 2016 Element Financial Corporation split to become Element Fleet Management Corporation and ECN Capital Corporation.  19ᵗʰ Capital denies all remaining allegations of paragraph 19.

20.     Paragraph 20 is a conclusion of law requiring no response.

21.     19ᵗʰ Capital denies that Defendant Element Fleet Management Corp. ("EFMC") provides or has provided equipment leasing services to Plaintiffs or any allegedly similarly situated individuals.

22.     Paragraph 22 requires no response because it contains no allegations against 19ᵗʰ Capital and because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, 19ᵗʰ Capital is without sufficient information to determine the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Paragraph 23 is a conclusion of law requiring no response.

24.     Paragraph 24 is a conclusion of law requiring no response.

25.     After reasonable investigation, 19ᵗʰ Capital is without sufficient information to determine the truth of the allegations in paragraph 25 and, therefore, denies them.

26.     Paragraph 26 requires no response because it contains no allegations against 19ᵗʰ Capital and because it is a conclusion of law.  To the extent a response is required, after reasonable

investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 26 and, therefore, denies them.

27.  Paragraph 27 is a conclusion of law requiring no response.

28.  Paragraph 28 is a conclusion of law requiring no response.  To the extent a response is required, on information and belief, 19th Capital denies that Element Transportation, LLC ("Element Transportation") is a wholly-owned subsidiary of EFMC and denies that Element Transportation is a successor in interest to Element Fleet Corporation.

29.  On information and belief, 19th Capital admits only that on September 19, 2016, Element Transportation acquired a beneficial interest in certain assets from Element Financial, LLC. 19th Capital denies the remaining allegations of paragraph 29.

30.  On information and belief, 19th Capital admits only that Element Transportation acquired a beneficial interest in certain assets, including a beneficial interest in the vehicles previously leased to Plaintiffs.  19th Capital denies the remaining allegations of paragraph 30.

31.  Paragraph 31 is a conclusion of law requiring no response.  To the extent a response is requied, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 31 and, therefore, denies them.

32.  Paragraph 32 requires no response because it contains no allegations against 19th Capital and because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 32 and, therefore, denies them.

33.  Admitted on information and belief.

34.  After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 34 and, therefore, denies them.

35.  Admitted.

36.     Paragraph 36 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies all allegations of paragraph 36.

37.     Paragraph 37 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies all allegations of paragraph 37.

38.     Paragraph 38 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies all allegations of paragraph 38.

39.     19th Capital denies that it provides equipment leasing services to PTL.

40.     Paragraph 40 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies all allegations of paragraph 40.

41.      Paragraph 41 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it was part of any scheme whereby Defendants leased tractor trailers and driving services to Plaintiffs; denies that it was part of any scheme whereby Plaintiffs were misclassified as independent contractors; denies that it was part of any scheme whereby Plaintiffs were deprived of rights under federal or state law; and denies all remaining allegations in paragraph 41.

42.     Paragraph 42 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 42 and, therefore, denies them.

43.     Paragraph 43 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it had any relationship with the Plaintiffs or otherwise required them to do anything at all.

44.     Paragraph 44 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it had any relationship with the Plaintiffs or otherwise required them to do anything at all.

45.     Paragraph 45 is a conclusion of law requiring no response. To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 45 because the Lease Agreements are written documents that speak for themselves.

46.     Paragraph 46 is a conclusion of law requiring no response. To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 46 because the Lease Agreements are written documents that speak for themselves.

47.     Paragraph 47 requires no response because it contains no allegations against 19th Capital and because it is a conclusion of law.  To the extent a response is required, 19th Capital denies the allegations in paragraph 47.

48.     Paragraph 48 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 48 and, therefore, denies them.

49.     Paragraph 49 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 49 and, therefore, denies them.

50.     Paragraph 50 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 50 and, therefore, denies them.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.     19th Capital incorporates its answers to paragraphs 1 through 50 as if set forth in their entirety.

52.     Paragraph 52 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

53. Paragraph 53 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

54. Paragraph 54 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

55. Paragraph 55 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

56. Paragraph 56 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

## CLASS ACTION ALLEGATIONS

57. 19th Capital incorporates its answers to paragraphs 1 through 56 as if set forth in their entirety.

58. Paragraph 58 is a conclusion of law requiring no response. To the extent a response is required, 19th Capital denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 58.

59. Paragraph 59 is a conclusion of law requiring no response. To the extent a response is required, 19th Capital denies that it violated 49 U.S.C. § 14704; denies that it violated 29 U.S.C. § 1589; denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies that Plaintiffs can establish numerosity; and denies all remaining allegations in paragraph 59.

60.     Paragraph 60 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it violated 49 U.S.C. § 14704; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 60.

61.     Paragraph 61 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

62.     Paragraph 62 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it violated Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; denies as stated Plaintiffs' characterization of their agreements with PTL because they are written documents that speak for themselves; and denies all remaining allegations in paragraph 62.

63.     Paragraph 63 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendants at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 63.

64.     Paragraph 64 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies the allegations in paragraph 64.

65.     Paragraph 65 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies the allegations in paragraph 65.

66.     Paragraph 66 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies the allegations in paragraph 66.

## STATUTORY AND REGULATORY FRAMEWORK

67.     19th Capital incorporates its answers to paragraphs 1 through 66 as if set forth in their entirety.

68.     Paragraph 68 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

69.     Paragraph 69 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

70.     Paragraph 70 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

## FACTUAL BACKGROUND

71.     19th Capital incorporates its answers to paragraphs 1 through 70 as if set forth in their entirety.

72.     Admitted upon information and belief.

73.     Admitted upon information and belief.

74.     Paragraph 74 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 74 and, therefore, denies them.

75.     Paragraph 75 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 75 and, therefore, denies them.

76.     19th Capital denies that at all relevant times Plaintiffs and members of the alleged collective and alleged classes leased trucks from Element Defendants for the purpose of driving freight for Defendant PTL.

77.     19th Capital incorporates its answers to paragraphs 1 through 76 as if set forth in their entirety.

78.     Paragraph 78 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 78 and, therefore, denies them.

79.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 79 and, therefore, denies them.

80.     19th Capital denies that Element Defendants are financial services companies that provide vehicle leasing services to Defendant PTL.

81.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 81 and, therefore, denies them.

82.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 82 and, therefore, denies them.

83.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 83 and, therefore, denies them.

84.     19th Capital denies as stated Plaintiffs' characterization of their Lease Agreement because they are written documents that speak for themselves. After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the remaining allegations in paragraph 84 and, therefore, denies them.

85.     19th Capital denies as stated the allegations of paragraph 85 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

86.     19th Capital denies as stated the allegations of paragraph 86 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

87.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 87 and, therefore, denies them.

88.     19th Capital denies as stated the allegations of paragraph 88 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

89.     19th Capital denies as stated the allegations of paragraph 89 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

90.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 90 and, therefore, denies them.

91.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 91 and, therefore, denies them.

92.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 92 and, therefore, denies them.

93.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 94 and, therefore, denies them.

95.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 95 and, therefore, denies them.

96.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 96 and, therefore, denies them.

97.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 97 and, therefore, denies them.

98.     19th Capital denies that it employed Plaintiffs; and denies all remaining allegations of paragraph 98.

99.     After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 99 and, therefore, denies them.

100.    Paragraph 100 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 100 and, therefore, denies them.

101.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 101 and, therefore, denies them.

102.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 102 and, therefore, denies them.

103.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 103 and, therefore, denies them.

104.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 104 and, therefore, denies them.

105.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 105 and, therefore, denies them.

106.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 106 and, therefore, denies them.

107.    After reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 107 and, therefore, denies them.

108.    19th Capital incorporates its answers to paragraphs 1 through 107 as if set forth in their entirety.

109.    Paragraph 109 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 109 and, therefore, denies them.

110.    Paragraph 110 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 110 and, therefore, denies them.

111.    Paragraph 111 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

112.    Paragraph 112 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 112 and, therefore, denies them.

113.    Paragraph 113 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 113 and, therefore, denies them.

114.    Paragraph 114 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 114 and, therefore, denies them.

115.    Paragraph 115 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required,

after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 115 and, therefore, denies them.

116.    Paragraph 116 requires no response because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 116 and, therefore, denies them.

117.    Paragraph 117 requires no response because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 117 and, therefore, denies them.

118.    Paragraph 118 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 118 and, therefore, denies them.

119.    19th Capital incorporates its answers to paragraphs 1 through 118 as if set forth in their entirety.

120.    Paragraph 120 requires no response because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, after reasonable investigation, 19th Capital is without sufficient information to determine the truth of the allegations in paragraph 120 and, therefore, denies them.

121.    Paragraph 121 requires no response because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 121 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

122.     Paragraph 122 requires no response because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies that the trucks provided to Plaintiffs were leased from 19th Capital, and, after reasonable investigation, is without sufficient information to determine the truth of the remaining allegations in paragraph 122 and, therefore, denies them.

123.     Paragraph 123 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

124.     Paragraph 124 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 124 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

125.     Paragraph 125 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 125 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

126.     Paragraph 126 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 126 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

127.     Paragraph 127 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 127 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

128.    Paragraph 128 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 128 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

129.    Paragraph 129 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

130.    Paragraph 130 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 130 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

131.    Paragraph 131 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.  To the extent a response is required, 19th Capital denies as stated the allegations in paragraph 131 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

132.    Paragraph 132 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

133.    19th Capital incorporates its answers to paragraphs 1 through 132 as if set forth in their entirety.

134.    19th Capital denies that it employed Plaintiffs; denies that Plaintiffs performed any work for it; denies that it forced Plaintiffs to labor for any Defendant; and denies all allegations in paragraph 134.

135.    19th Capital denies that it benefited financially in any arrangement involving Plaintiffs; denies that it knowingly participated in any alleged scheme involving Plaintiffs; and denies all allegations in paragraph 135.

136.    19th Capital denies as stated the allegations in paragraph 136 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

137.    19th Capital denies as stated the allegations in paragraph 137 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

138.    19th Capital denies as stated the allegations in paragraph 138 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

139.    19th Capital denies as stated the allegations in paragraph 139 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

140.    19th Capital denies as stated the allegations in paragraph 140 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

141.    19th Capital denies as stated the allegations in paragraph 141 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

142.    19th Capital denies as stated the allegations in paragraph 142 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

143.    19th Capital denies the allegations in paragraph 143.

## **COUNT I**

144.    19th Capital incorporates its answers to paragraphs 1 through 143 as if set forth in their entirety.

145.    Paragraph 145 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

146.    Paragraph 146 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

147.    Paragraph 147 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

148.     Paragraph 148 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

149.     Paragraph 149 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

150.     Paragraph 150 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

151.     Paragraph 151 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

152.     Paragraph 152 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against 19th Capital.

**COUNT II**

153.     19th Capital incorporates its answers to paragraphs 1 through 152 as if set forth in their entirety.

154.     Paragraph 154 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

155.     Paragraph 155 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against 19th Capital.

**COUNT III**

156.     19th Capital incorporates its answers to paragraphs 1 through 155 as if set forth in their entirety.

157.     19th Capital denies that it obtained the labor of Plaintiffs; denies that it threatened Plaintiffs with serious harm; and denies all remaining allegations in paragraph 157.

158.     19th Capital denies the allegations in paragraph 157.

159.    Paragraph 159 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it violated 18 U.S.C. §§ 1589 and 1595.

## COUNT IV

160.    19th Capital incorporates its answers to paragraphs 1 through 159 as if set forth in their entirety.

161.    Paragraph 161 is a conclusion of law requiring no response.  To the extent a response is required, 19th Capital denies that it entered into any contracts with Plaintiffs; denies that it obtained any labor from Plaintiffs; denied that it was unjustly enriched by Plaintiffs; and denies all remaining allegations in paragraph 161.

162.    19th Capital denies that its conduct caused Plaintiffs to suffer any damages; and denies all remaining allegations in paragraph 162.

The allegations in the WHEREFORE clause state a prayer for relief requiring no response. To the extent a response is required, 19th Capital denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

1.    Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because the Amended Complaint fails to state any claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the applicable statutes of limitations.

3.    Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required contractual and statutory payments.

4.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of 19th Capital.

5.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

6.      To the extent that Plaintiffs and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled by 19th Capital, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7.      Plaintiffs have failed to satisfy the prerequisites for a class or collective action.

8.      Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of 19th Capital's right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania and the Constitution of the Commonwealth of Kentucky.

9.      An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of 19th Capital's due process and other rights under the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania and the Constitution of the Commonwealth of Kentucky.

10.      Plaintiffs and/or members of the purported classes failed to mitigate damages, entitlement to which is expressly denied.

11.      Plaintiffs' claims and/or the claims of members of the purported classes are offset by any amounts owed to 19th Capital, including but not limited to overpayments or other forms of unjust enrichment.

12.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because they failed to demand payment.

13.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

14.     Plaintiffs' claims and/or the claims of members of the purported classes are barred to the extent they seek remedies beyond those provided for by 18 U.S.C. § 1589 or Pennsylvania common law.

15.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, by statutory exclusions, exceptions, or credits under Pennsylvania common law.

16.     19th Capital reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, 19th Capital respectfully requests that the claims alleged in the Second Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

/s/ Richard L. Etter
Richard L. Etter (PA 92835)
Christopher Polchin (PA 316636)
FOX ROTHSCHILD LLP
500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for 19th Capital Group, LLC*

Dated: January 11, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant 19th Capital Group, LLC's Answer and Defenses to Second Amended Complaint has been served by electronic means through the Court's transmission facilities on all counsel of record.

FOX ROTHSCHILD LLP

Date:  January 11, 2019          */s/ Richard L. Etter*
                                 Richard L. Etter