**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **GALE CARTER et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.:  5:18-cv-00041-TBR** |
| v. ) | |
| ) | |
| **PASCHALL TRUCK LINES, INC. et al.,** ) | |
| ) | **ELECTRONICALLY FILED** |
| **Defendants.** ) | |

**DEFENDANT ELEMENT FLEET MANAGEMENT CORP.'S**
**ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Element Fleet Management Corp. ("EFMC"), by and through its undersigned

counsel, files this answer and defenses to the Second Amended Individual, Collective, and Class

Action Civil Complaint ("Second Amended Complaint") filed by Plaintiffs Gale Carter and Forbes

Hays (collectively, "Plaintiffs").  EFMC denies that it violated 29 U.S.C. § 1589; denies that it

violated Pennsylvania common law; and denies each and every allegation contained in the Second

Amended Complaint, except as specifically admitted herein.

EFMC answers each of the paragraphs in the Second Amended Complaint as follows:

1.       Paragraph 1 requires no response because it contains no allegations against EFMC

and because it is a conclusion of law.  To the extent a response is required, EFMC denies all

allegations in paragraph 1.

2.       Paragraph 2 requires no response because it contains no allegations against EFMC

and because it is a conclusion of law.  To the extent a response is required, EFMC denies all

allegations in paragraph 2.

3.       Paragraph 3 is a conclusion of law requiring no response.  To the extent a response

is required, EFMC denies that it violated 29 U.S.C. § 1589; denies that it perpetuated or participated

in any scheme to force Plaintiffs to labor for Defendants for long periods of time under threat of serious financial harm; denies that Plaintiffs labored for any Defendant for long periods of time; denies that it threatened Plaintiffs; and denies all remaining allegations in paragraph 3.

4.　　　Paragraph 4 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it violated Pennsylvania common law; denies that it was unjustly enriched; and denies all remaining allegations in paragraph 4.

## JURISDICTION AND VENUE

5.　　　EFMC incorporates its answers to paragraphs 1 through 4 as if set forth in their entirety.

6.　　　Paragraph 6 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that Plaintiffs have a viable claim under either 18 U.S.C. § 1589 or Pennsylvania common law; and denies all remaining allegations in paragraph 6.

7.　　　Paragraph 7 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that the amount in controversy exceeds $5 million; and denies all remaining allegations in paragraph 7.

8.　　　Paragraph 8 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that consented to jurisdiction in this Court via a choice of law and venue provision in its agreements with Plaintiffs; denies that it is party to any lease agreement with Plaintiffs; and denies all remaining allegations in paragraph 8.

9.　　　Paragraph 9 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies all factual allegations contained in paragraph 9.

## PARTIES

10.　　　EFMC incorporates its answers to paragraphs 1 through 9 as if set forth in their entirety.

11.     Upon information and belief, EFMC admits that Plaintiff Gale Carter is an adult individual residing at 3670 Buckingham Ave., Horn Lake, MS 38637.

12.     Upon information and belief, EFMC admits that Plaintiff Forbes Hays is an adult individual residing at 705 Harwell Drive, Brunswick, GA 31532.

13.     Upon information and belief, EFMC admits that Defendant Paschall Truck Lines, Inc. ("PTL") is a truckload carrier operating throughout the United States; and admits that Defendant PTL is a corporation with its principal place of business as set forth in the caption.

14.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 14 and, therefore, denies them.

15.     Paragraph 15 is a conclusion of law requiring no response.  To the extent a response is required, EFMC admits that Element Financial Corp. ("EFC") was a commercial finance business that provided equipment leasing services and vehicle leases to owner-operator drivers, including Plaintiffs.  EFMC denies that EFC's agreements with Plaintiffs' were illegal; denies that it received the benefit of any illegal agreements with Plaintiffs; denies that EFC conspired with Defendant PTL to violate federal or state law; and denies all remaining allegations of paragraph 15.

16.     EFMC admits only that Element Financial LLC was a wholly owned subsidiary of EFC.  After reasonable investigation, EFMC is without sufficient information to determine the truth of the remaining allegations in paragraph 16 and, therefore, denies them.

17.     EFMC admits only that prior to September 18, 2016, Element Financial, LLC acquired a special unit of beneficial interest in certain vehicles held in trust, including the vehicles that were later leased by Plaintiffs.  After reasonable investigation, EFMC is without sufficient information to determine the truth of the remaining allegations in paragraph 17 and, therefore, denies them.

18.     EFMC denies as stated the allegations in paragraph 18.  Answering further, on October 3, 2016, EFC split to form EFMC and ECN Capital Corp. ("ECN").

19.     EFMC denies as stated the allegations in paragraph 19.  Answering further, on October 3, 2016, EFC split to form EFMC and ECN.

20.     EFMC admits that it is a Canadian corporation with a principal place of business as indicated in the caption of the Second Amended Complaint.

21.     EFMC denies that it provides or provided equipment leasing of trucks to owner/operator drivers; denies that it provided any services to Plaintiffs; and denies the remaining allegations of paragraph 21.

22.     Paragraph 22 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it was formerly known as EFC; denies that it received the benefit of any agreements illegal under 18 U.S.C. § 1589 or Pennsylvania state law; denies that it was a party to, or benefited from, any agreements with Plaintiffs; denies that it conspired with Defendant PTL to violate federal or state law; and denies all remaining allegations in paragraph 22.

23.     Upon information and belief, EFMC admits that Defendant ECN is a Canadian corporation with a principal place of business as stated in the caption of the Second Amended Complaint.

24.     Paragraph 24 is a conclusion of law requiring no response.

25.     Upon information and belief, EFMC admits that ECN continues the commercial finance business of EFC, including the leasing of trucks to owner/operator drivers.

26.     Paragraph 26 requires no response because it contains no allegations against EFMC and because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 26 and, therefore, denies them.

27.     EFMC admits the allegations in paragraph 27.

28.     Paragraph 28 is a conclusion of law requiring no response.  To the extent a response is required, EFMC admits only that Element Transportation, LLC is an indirect wholly-owned subsidiary of EFMC.  EFMC denies that Element Transportation is a successor in interest to EFC.

29.     EFMC admits only that on September 19, 2016, Element Financial, LLC transferred a special unit of beneficial interest in certain vehicles held in trust to Element Transportation.  EFMC denies the remaining allegations of paragraph 29.

30.     Paragraph 30 is a conclusion of law requiring no response.  To the extent a response is required, EFMC admits only that on September 19, 2016, Element Financial, LLC transferred a special unit of beneficial interest in certain vehicles held in trust to Element Transportation.  EFMC denies that Element Transportation acquired a beneficial interest in Plaintiffs' leases which Plaintiffs had previously terminated; and denies the remaining allegations of paragraph 30.

31.     EFMC denies that, at all relevant times prior to December 30, 2016, Element Transportation provided equipment leasing services to drivers of Defendant PTL; and denies all remaining allegations of paragraph 31.

32.     Paragraph 32 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that Element Transportation is a Defendant in this case; denies that Element Transportation received the benefit of any agreements illegal under 18 U.S.C. § 1589 or Pennsylvania state law; denies that Element Transportation was a party to, or benefited from, any agreements with Plaintiffs; denies that Element Transportation conspired with Defendant PTL to violate federal or state law; and denies all remaining allegations in paragraph 32.

33.     Upon information and belief, EFMC admits the allegations of paragraph 33.

34.     EFMC denies as stated the allegations of paragraph 34.  Answering further, on October 3, 2016, EFC split to form EFMC and ECN Capital Corp.; and as part of the split, ECN

Financial, LLC was divested from EFMC and became a wholly owned subsidiary of Defendant ECN Capital Corp.

35.     EFMC admits the allegations of paragraph 35.

36.     Paragraph 36 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies all allegations of paragraph 36.

37.     Paragraph 37 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies all allegations of paragraph 37.

38.     Paragraph 38 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies all allegations of paragraph 38.

39.     EFMC denies that 19th Capital provides equipment leasing services to PTL; and denies all remaining allegations of paragraph 39.

40.     Paragraph 40 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that 19th Capital Group received the benefit of any agreements illegal under 18 U.S.C. § 1589 or Pennsylvania state law; denies that 19th Capital Group was a party to, or benefited from, any agreements with Plaintiffs; denies that 19th Capital Group conspired with Defendant PTL to violate federal or state law; and denies all remaining allegations in paragraph 40.

41.     Paragraph 41 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it, Element Transportation, or 19th Capital Group was part of any scheme whereby Defendants leased tractor trailers and driving services to Plaintiffs; denies that it, Element Transportation, or 19th Capital Group was part of any scheme whereby Plaintiffs were misclassified as independent contractors; denies that it, Element Transportation, or 19th Capital Group was part of any scheme whereby Plaintiffs were deprived of rights under federal or state law; and denies all remaining allegations in paragraph 41.

42.     Paragraph 42 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies the allegations in paragraph 42.

43.     Paragraph 43 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 43.

44.     Paragraph 44 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 44.

45.     Paragraph 45 is a conclusion of law requiring no response. To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies as stated the remaining allegations in paragraph 45 because the Lease Agreements signed by Plaintiffs are written documents that speak for themselves.

46.     Paragraph 46 is a conclusion of law requiring no response. To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies as stated the remaining allegations in paragraph 46 because the Lease Agreements signed by Plaintiffs are written documents that speak for themselves.

47.     Paragraph 47 requires no response because it contains no allegations against EFMC and because it is a conclusion of law.  To the extent a response is required, EFMC is without sufficient information to determine the truth of the allegations in paragraph 47 and, therefore, denies them.

48.     Paragraph 48 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 48 and, therefore, denies them.

49.     Paragraph 49 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 49 and, therefore, denies them.

50.     Paragraph 50 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 50 and, therefore, denies them.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.     EFMC incorporates its answers to paragraphs 1 through 50 as if set forth in their entirety.

52.     Paragraph 52 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 52 and, therefore, denies them.

53.     Paragraph 53 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 53 and, therefore, denies them.

54.     Paragraph 54 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 54 and, therefore, denies them.

55.     Paragraph 55 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 55 and, therefore, denies them.

56.     Paragraph 56 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 56 and, therefore, denies them.

## CLASS ACTION ALLEGATIONS

57.     EFMC incorporates its answers to paragraphs 1 through 56 as if set forth in their entirety.

58.     Paragraph 58 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; denies that it violated 49 U.S.C. § 14704, 29 U.S.C. § 1589, or Pennsylvania common law; denies that Plaintiffs are proper representatives of a purported class of all persons who performed work as lease operators and who were designated as independent contractors by Defendant PTL at any point during any applicable statute of limitations; and denies all remaining allegations in paragraph 58.

59.     Paragraph 59 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 59.

60.     Paragraph 60 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 60.

61.     Paragraph 61 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; and denies all remaining allegations in paragraph 61.

62.     Paragraph 62 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it violated Pennsylvania common law; denies that it had any relationship with Plaintiffs; denies as stated Plaintiffs' characterization of their agreements with PTL because those agreements are written documents that speak for themselves; and denies all remaining allegations in paragraph 62.

63.     Paragraph 63 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that Plaintiffs are proper representatives of any purported class; and denies all remaining allegations in paragraph 63.

64.     Paragraph 64 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies the allegations in paragraph 64.

65.     Paragraph 65 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 65.

66.     Paragraph 66 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 66.

## STATUTORY AND REGULATORY FRAMEWORK

67.     EFMC incorporates its answers to paragraphs 1 through 66 as if set forth in their entirety.

68.     Paragraph 68 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.

69.     Paragraph 69 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.

70.     Paragraph 70 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.

## **FACTUAL BACKGROUND**

71.     EFMC incorporates its answers to paragraphs 1 through 70 as if set forth in their entirety.

72.     EFMC admits only that Plaintiff Carter performed commercial truck driving services for Defendant PTL from October 23, 2015 to December 14, 2015.  EFMC denies all remaining allegations in paragraph 72.

73.     EFMC admits only that Plaintiff Hays performed commercial truck driving services for Defendant PTL from March 21, 2016 to May 29, 2016.  EFMC denies all remaining allegations in paragraph 73.

74.     Paragraph 74 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 74 and, therefore, denies them.

75.     Paragraph 75 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 75 and, therefore, denies them.

76.     Paragraph 76 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 76.

77.     EFMC incorporates its answers to paragraphs 1 through 76 as if set forth in their entirety.

78.     Paragraph 78 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 78 and, therefore, denies them.

79.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 79 and, therefore, denies them.

80.     EFMC admits only that it is a financial services company.  EFMC denies that it had any relationship with Plaintiffs; denies that it provides vehicle leasing services to PTL; and denies all remaining allegations in paragraph 80.

81.     EFMC denies as stated Plaintiffs' characterization of their agreements with PTL because those agreements are written documents that speak for themselves.

82.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 82 and, therefore, denies them.

83.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 83 and, therefore, denies them.

84.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 84.

85.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 85.

86.     EFMC denies as stated the allegations of paragraph 86 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

87.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 87.

88.     EFMC denies as stated the allegations of paragraph 88 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

89.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 89.

90.     Paragraph 90 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 90 and, therefore, denies them.

91.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 91 and, therefore, denies them.

92.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 92 and, therefore, denies them.

93.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 93 and, therefore, denies them.

94.     Paragraph 94 is a conclusion of law requiring no response.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 94 and, therefore, denies them.

95.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 95.

96.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 96.

97.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 97 and, therefore, denies them.

98.     EFMC denies that it had any relationship with Plaintiffs; denies that it required any owner/operator drivers to drive for PTL; and denies all remaining allegations in paragraph 98.

99. After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 99 and, therefore, denies them.

100. Paragraph 100 is a conclusion of law requiring no response. To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 100 and, therefore, denies them.

101. After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 101 and, therefore, denies them.

102. After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 102 and, therefore, denies them.

103. After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 103 and, therefore, denies them.

104. After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 104 and, therefore, denies them.

105. Paragraph 105 is a conclusion of law requiring no response. To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 105 and, therefore, denies them.

106. Paragraph 106 is a conclusion of law requiring no response. To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 106 and, therefore, denies them.

107. Paragraph 107 is a conclusion of law requiring no response. To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 107 and, therefore, denies them.

108. EFMC incorporates its answers to paragraphs 1 through 107 as if set forth in their entirety.

109.     EFMC denies that it had any relationship with Plaintiffs; and after reasonable investigation, EFMC is without sufficient information to determine the truth of the remaining allegations in paragraph 109 and, therefore, denies them.

110.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 110 and, therefore, denies them.

111.     Paragraph 111 requires no response because it is a conclusion of law.

112.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 112 and, therefore, denies them.

113.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 113 and, therefore, denies them.

114.     Paragraph 114 requires no response because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 114 and, therefore, denies them.

115.     Paragraph 115 requires no response because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 115 and, therefore, denies them.

116.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 116 and, therefore, denies them.

117.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 117 and, therefore, denies them.

118.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 118 and, therefore, denies them.

119.     EFMC incorporates its answers to paragraphs 1 through 118 as if set forth in their entirety.

120.     After reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 120 and, therefore, denies them.

121.     EFMC denies as stated the allegations in paragraph 121 because Plaintiffs" ICS Agreements are written documents that speak for themselves.

122.     EFMC denies that the trucks provided by Plaintiffs were leased from EFMC; and, after reasonable investigation, is without sufficient information to determine the truth of the remaining allegations in paragraph 122 and, therefore, denies them.

123.     Paragraph 123 requires no response because it is a conclusion of law.

124.     Paragraph 124 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 124 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

125.     Paragraph 125 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 125 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

126.     Paragraph 126 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 126 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

127.     Paragraph 127 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 127 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

128.     Paragraph 128 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 128 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

129.     Paragraph 129 requires no response because it is a conclusion of law.

130.    Paragraph 130 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies as stated the allegations in paragraph 130 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

131.    Paragraph 131 requires no response because it is a conclusion of law.  To the extent a response is required, after reasonable investigation, EFMC is without sufficient information to determine the truth of the allegations in paragraph 131 and, therefore, denies them.

132.    Paragraph 132 requires no response because it is a conclusion of law.

133.    EFMC incorporates its answers to paragraphs 1 through 132 as if set forth in their entirety.

134.    Paragraph 134 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that Plaintiffs performed any work for it; denies that it forced Plaintiffs to labor for any Defendant; denies that Plaintiffs labored for long periods for any Defendant; and denies all allegations in paragraph 134.

135.    Paragraph 135 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies knowingly participated in any alleged scheme involving Plaintiffs; denies knowledge of any scheme to violate 29 U.S.C. § 1589; and denies all allegations in paragraph 135.

136.    EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; and denies as stated the allegations in paragraph 136 because Plaintiffs' Lease Agreements are written documents that speak for themselves.

137.    EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; and denies as stated the allegations in paragraph 137 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

138.    Paragraph 138 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies that it forced Plaintiffs to labor for Defendant PTL; denies that Plaintiffs labored for long periods for Defendant PTL; and denies all remaining allegations in paragraph 138 because Plaintiffs' ICS Agreements are written documents that speak for themselves.

139.    Paragraph 139 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies that it forced Plaintiffs to labor for Defendant PTL; denies that Plaintiffs labored for long periods for Defendant PTL; and denies as stated the allegations in paragraph 139 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

140.    Paragraph 140 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies that it forced Plaintiffs to labor for Defendant PTL; denies that Plaintiffs labored for long periods for Defendant PTL; and denies as stated the allegations in paragraph 140 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

141.    Paragraph 141 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies that it forced Plaintiffs to

labor for Defendant PTL; denies that Plaintiffs labored for long periods for Defendant PTL; and denies as stated the allegations in paragraph 141 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

142.    Paragraph 142 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies that it forced Plaintiffs to labor for Defendant PTL; denies that Plaintiffs labored for long periods for Defendant PTL; and denies as stated the allegations in paragraph 142 because Plaintiffs' ICS Agreements and Lease Agreements are written documents that speak for themselves.

143.    Paragraph 143 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it benefited financially from any arrangement involving Plaintiffs; denies knowingly participated in any alleged scheme involving Plaintiffs; denies knowledge of any scheme to violate 29 U.S.C. § 1589; denies that Plaintiffs labored for long periods for Defendant PTL; denies that it threatened Plaintiffs in any way; and denies all allegations in paragraph 135.

## COUNT I – Fair Labor Standards Act

144.    EFMC incorporates its answers to paragraphs 1 through 143 as if set forth in their entirety.

145.    Paragraph 145 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

146.    Paragraph 146 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

147.    Paragraph 147 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

148.     Paragraph 148 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

149.     Paragraph 149 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

150.     Paragraph 150 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

151.     Paragraph 151 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

152.     Paragraph 152 requires no response because it is a conclusion of law and because Plaintiffs do not assert any FLSA claims against EFMC.

## COUNT II – Truth in Leasing Act

153.     EFMC incorporates its answers to paragraphs 1 through 152 as if set forth in their entirety.

154.     Paragraph 154 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.

155.     Paragraph 155 requires no response because it is a conclusion of law and because Plaintiffs do not assert any TILA claims against EFMC.

## COUNT III – Forced Labor Law

156.     EFMC incorporates its answers to paragraphs 1 through 155 as if set forth in their entirety.

157.     Paragraph 157 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it threatened Plaintiffs in any way; denies that Plaintiffs performed any labor for it; denies that it

obtained the labor of Plaintiffs for any Defendant; denies that Plaintiffs labored for long periods for any Defendant; and denies all allegations in paragraph 157.

158.     Paragraph 158 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that it operated a scheme, plan, or pattern involving Plaintiffs; denies that it intended to force Plaintiffs to labor for long periods for any Defendant; denies that Plaintiffs labored for long periods for any Defendant; and denies all allegations in paragraph 158.

159.     Paragraph 157 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it violated 18 U.S.C. §§ 1589 or 1595.

## COUNT IV – Unjust Enrichment

160.     EFMC incorporates its answers to paragraphs 1 through 159 as if set forth in full.

161.     Paragraph 161 is a conclusion of law requiring no response.  To the extent a response is required, EFMC denies that it entered into any contract with Plaintiffs; denies that it enforced or attempted to enforce any liquidated damages provision against Plaintiffs; denies that it benefited financially from the enforcement or attempted enforcement of any liquidated damages provision against Plaintiffs; denies that Plaintiffs performed any labor for it; denies that it obtained the labor of Plaintiffs for any Defendant; denies that the terms of Plaintiffs' Lease Agreements were unlawful; and denies and denies all remaining allegations in paragraph 161.

162.     Paragraph 162 requires no response because it is a conclusion of law.  To the extent a response is required, EFMC denies that it had any relationship with Plaintiffs; denies that its acts or omissions caused Plaintiffs to suffer any damages; and denies all allegations in paragraph 162.

The allegations in the WHEREFORE clause state a prayer for relief requiring no response. To the extent a response is required, EFMC denies that it engaged in any unlawful acts or omissions; and denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

1.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because the Amended Complaint fails to state any claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the applicable statutes of limitations.

3.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required contractual and statutory payments.

4.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of EFMC.

5.      Plaintiffs' claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

6.      To the extent that Plaintiffs and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled by EFMC, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7.      Plaintiffs have failed to satisfy the prerequisites for a class or collective action.

8.      Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of EFMC's right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania and the Constitution of the Commonwealth of Kentucky.

9.      An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of EFMC's due process and other rights under the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania and the Constitution of the Commonwealth of Kentucky.

10.     Plaintiffs and/or members of the purported classes failed to mitigate damages, entitlement to which is expressly denied.

11.     Plaintiffs' claims and/or the claims of members of the purported classes are offset by any amounts owed to EFMC, including but not limited to overpayments or other forms of unjust enrichment.

12.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because they failed to demand payment.

13.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, because Plaintiffs lack standing to seek some or all of the requested relief.

14.     Plaintiffs' claims and/or the claims of members of the purported classes are barred to the extent they seek remedies beyond those provided for by 18 U.S.C. § 1589 or Pennsylvania common law.

15.     Plaintiffs' claims and/or the claims of members of the purported classes are barred, in whole or in part, by statutory exclusions, exceptions, or credits under Pennsylvania common law.

16.     EFMC reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, Element Fleet Management Corp. respectfully requests that the claims alleged in the Second Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

*/s/ Richard L. Etter*
Richard L. Etter (PA 92835)
Christopher Polchin (PA 316636)
FOX ROTHSCHILD LLP
500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for Element Fleet Management Corp.*

Dated: January 28, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2019, a true and accurate copy of the foregoing was

served the Court's ECF system on the following counsel of record:


Justin L. Swidler
jswidler@swartz-legal.com
Joshua S. Boyette
jboyette@swartz-legal.com
Travis Martindale-Jarvis
tmartindale@swartz-legal.com
Swartz Swidler, LLC

*Attorneys for Gale Carter and Forbes Hays*

Christopher J. Eckhart
ceckhart@scopelitis.com
E. Ashley Paynter
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

*Attorneys for Paschall Truck Lines, Inc.*


*/s/ Richard L. Etter*
Counsel for Element Fleet Management Corp.