IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| GALE CARTER and FORBES HAYS, on behalf of themselves and those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 5:18-cv-00041-TBR |
| PASCHALL TRUCK LINES, INC., ELEMENT FLEET MANAGEMENT CORP., ECN CAPITAL CORP., ECN FINANCIAL, LLC, 19th CAPITAL GROUP, LLC, and JOHN DOES 1-20, | ) ) ) ) ) ) ) | Judge Thomas B. Russell |
| Defendants. | ) | |

---

## DEFENDANT ECN CAPITAL CORP.'S AND DEFENDANT ECN FINANCIAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Come now Defendants ECN Capital Corp. ("ECN Capital") and ECN Financial LLC ("ECN Financial") (collectively, the "ECN defendants") and, pursuant to Federal Rule of Civil Procedure 12(b)(2), file this memorandum of law in support of their motion to dismiss the Second Amended Individual, Collective, and Class Action Civil Complaint ("Complaint") filed by Plaintiffs Gale Carter ("Carter") and Forbes Hays ("Hays") (collectively, "Plaintiffs") for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

To establish personal jurisdiction over non-resident defendants such as the ECN defendants, Plaintiffs must show that Kentucky's long-arm statute authorizes personal jurisdiction over each of the ECN defendants individually and that such authorization

comports with the Due Process Clause. Plaintiffs fail to make such a showing in their Complaint.

Kentucky law only authorizes jurisdiction over the ECN defendants if they regularly do or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Kentucky. Plaintiffs cannot and do not plausibly allege that the ECN defendants meet such criteria, and they have not and cannot establish that their claims "arise from" the ECN defendants' regular conduct or business in Kentucky. In addition, Plaintiffs have not and cannot establish the requisite minimum contacts between the ECN defendants and the Commonwealth of Kentucky to satisfy due process.

For these reasons, the ECN defendants respectfully request dismissal of the Complaint for lack of personal jurisdiction.

## **BACKGROUND**

## I.    **CLAIMS AGAINST THE ECN DEFENDANTS**

Plaintiffs' claims arise from purportedly oppressive lease terms reached with the ECN defendants' alleged predecessor, Element Financial Corp.[1] (*See* Complaint ("Compl.") ¶¶ 15, 24, 33 & 34.) The theory is basically this: To drive for and be compensated by Defendant Paschall Truck Lines, Inc. ("PTL"), Plaintiffs were required to lease trucks from Element Financial Corp. (*See id.* ¶ 42.) Those leases, in turn, required Plaintiffs to drive only for PTL. (*See id.* ¶ 45.) They further authorized PTL to deduct lease

---

[1] Plaintiffs fail to attach their Individual Program Lease Agreements to their Complaint; however, true and correct copies are attached hereto as Exhibits A and B and may be considered as part of this motion to dismiss. *See Chandler v. Hawkins*, 5:16-CV-00079-TBR, 2017 WL 1319831, at *2 (W.D. Ky. Apr. 6, 2017) (On a motion to dismiss, the Court may consider the plaintiff's complaint, as well as documents outside the pleadings that "are referred to in the plaintiff's complaint and are central to [his] claim[s]," citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

payments from Plaintiffs to pay Element Financial Corp. (*See* Compl. ¶ 44.) Plaintiffs allege that if they stopped driving for PTL, started taking on loads from other carriers, or stopped making lease payments, the ECN defendants (among other alleged successors of Element Financial Corp.) could accelerate lease payments and repossess Plaintiffs' trucks, thus creating conditions that violate the Federal Forced Labor Statute ("FFLS") and unjustly enrich the ECN defendants. (*See id.* ¶¶ 43-45, 84-85, 136, 140 & 156-162.)

## II.    THE PARTIES AT ISSUE FOR THIS MOTION

### A.    Plaintiffs

Carter is an individual residing in Mississippi. (*See* Compl. ¶ 11.) Between October and December of 2015, Carter worked as a commercial truck driver for PTL. (*See id.* ¶ 72.) Carter leased her truck from Element Financial Corp. (*See* Exhibit A.)

Hays is an individual residing in Georgia. (*See id.* ¶ 12.) Between March and June of 2016, Hays worked as a commercial truck driver for PTL. (*See id.* ¶ 73.) Hays leased his truck from Element Financial Corp. (*See* Exhibit B.)

### B.    ECN Capital

According to the Complaint, ECN Capital is a Canadian corporation that resides in Toronto, Ontario. (*See* Compl. ¶ 23.)

### C.    ECN Financial

According to the Complaint, ECN Financial is a subsidiary of ECN Capital. (*See* Compl. ¶ 34.)

Prior to October 3, 2016, ECN Financial was doing business as Element Financial LLC and residing in Horsham, Pennsylvania. (*See* ECF No. 110-12 at 2, Certificate of Amendment from Delaware Secretary of State.) On September 19, 2016, Element Financial LLC sold, and former Defendant Element Transportation LLC purchased,

various contracts and assets that transferred all beneficial ownership of leased trucks—similar to those leased by Plaintiffs—to Element Transportation LLC. (*See* Compl. ¶¶ 29-30; ECF No. 110-14, Asset Purchase Agreement; and ECF No. 98-8, SUBI Sale Agreement.).

Prior to June 30, 2016, Element Financial LLC was doing business as Element Financial Corp. and residing in Horsham, Pennsylvania. (*See* ECF No. 110-11 at 3, Certificate of Conversion to Limited Liability Company.)

## III.   THE LEASES

Plaintiffs do not allege where they signed their leases. Nonetheless, the record establishes that their leases were not signed in Kentucky. (*See* ECF No. 21-1 at ¶ 24, Declaration of Tom Stephens (lessees signing in Indiana or Texas).) The record further establishes that Kentucky law was not chosen by any party to govern the leases or the disputes arising therefrom. (*See* ECF No. 98-3 at 10; ECF No. 98-5 at 10 (choosing Pennsylvania law).)

## <u>ARGUMENT</u>

## I.   LEGAL STANDARD

A district court can decide, in its discretion, to answer the question of personal jurisdiction in either of two ways. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). First, it may decide to resolve the issue without a trial, relying on affidavits and pleadings. *See id.* In such case, a plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss. *See id.* Second, the court may decide to permit some jurisdictional discovery and conduct an evidentiary hearing on the issue of personal jurisdiction. *See id.* Without a hearing, the Court must construe the pleadings and affidavits in a light most favorable to the plaintiff and cannot consider

facts proffered by the defendant that conflict with those offered by the plaintiff. *See KFC Corp. v. Wagstaff*, 502 B.R. 484, 489 (W.D. Ky. 2013). The burden of establishing personal jurisdiction, however, remains at all times with the plaintiff. *See id.*

## II. THE ECN DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION

A federal court has personal jurisdiction over a defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104–05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (federal court should look to federal statute or to state long-arm statute to determine defendant's amenability to service, which is "a prerequisite to its exercise of personal jurisdiction"). The federal statutes under which Plaintiffs sue do not authorize nationwide service. *See, e.g., Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992) (FLSA does not authorize nationwide service of process); *Bernard v. Richter's Jewelry Co.*, 53 F.R.D. 606, 607 (S.D.N.Y. 1971) (TILA does not authorize nationwide service of process); *Ornum v. Am. Med. Ass'n*, No. 14-cv-921, 2016 WL 8292202, at *4 (D. Utah Jan. 29, 2016) (no authority for service of process under 18 U.S.C. § 1589). Personal jurisdiction, therefore, depends upon Plaintiffs' satisfaction of Kentucky's long-arm statute. *See Omni Capital*, 484 U.S. at 104-05. In addition, personal jurisdiction must comport with the Due Process Clause.

As set forth in greater detail below, Kentucky law does not authorize, nor does the Due Process Clause permit, the exercise of jurisdiction over the ECN defendants. The ECN defendants are not Kentucky residents; they do not regularly engage in business in Kentucky; they do not engage in a persistent course of conduct in Kentucky; and they do not derive revenue in Kentucky. Moreover, the ECN defendants have done nothing to

purposefully avail themselves of the laws and benefits of Kentucky such that it would be constitutionally reasonable to hale them before this Kentucky Court. The Complaint fails to allege any contrary facts. As such, the ECN defendants lack sufficient minimum contacts with Kentucky, and the Complaint should be dismissed for want of personal jurisdiction.

### A.    Kentucky's Long Arm Statute Does Not Authorize Jurisdiction

The Kentucky Supreme Court has held that Kentucky's long-arm statute, KRS § 454.210, does not reach the full constitutional limits of due process. *See Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56-57 (Ky. 2011). In other words, courts cannot skip an analysis of KRS § 454.210 or collapse it into a single due process analysis. *See id.* ("[W]e clarify that proper deference to the language of the statute compels that, as an initial step, review is necessary to determine whether long-arm jurisdiction over a foreign defendant is permissible under KRS 454.210."). This analysis "makes jurisdiction more difficult to establish in Kentucky." *Roberson v. Waste Mgmt., Inc.*, No. 1:15-CV-00107-GNS, 2016 WL 270458, at *1 (W.D. Ky. Jan. 21, 2016).

The purpose of KRS § 454.210 is to permit Kentucky courts to exercise personal jurisdiction over non-resident defendants while complying with federal constitutional due process. *See Caesars*, 336 S.W.3d at 54 (citing *Cummings v. Pitman*, 239 S.W.3d 77, 84 (Ky. 2007)). To accomplish this goal here, the statute requires Plaintiffs to identify conduct of the ECN defendants befitting any of nine enumerated categories, each of which would, on its own, be sufficient to establish minimum contacts with the Commonwealth. *Caesars*, 336 S.W.3d at 57. If the ECN defendants' alleged conduct does not fit into one of those categories, which is the case here, they "may not be subjected to long-arm jurisdiction." *Id.* at 56.

6

After establishing that the conduct fits into one of the nine enumerated categories, Plaintiffs must also show that their suit "arises from the conduct or activities described" within the particular enumerated category. *Caesars*, 336 S.W.3d at 55-56. A claim "arises from" the conduct in the enumerated category if the claim "originated from, or came into being, as a result of" the ECN defendants' activities vis-à-vis the enumerated category. *Id.* at 58. Plaintiffs must establish a "reasonable and direct nexus" between the wrongful acts alleged in the Complaint and the conduct alleged to fit within the enumerated category. *Id.* at 59. Plaintiffs fail to make that connection with respect to the ECN defendants.

### 1.   The Relevant "Enumerated Conduct" is Insufficient to Establish Personal Jurisdiction

Plaintiffs' claims against the ECN defendants arise entirely from the terms of their leases. Only two of the nine categories of conduct enumerated in the statute could arguably cover such disputes: "transacting any business in this Commonwealth" and "Contracting to supply services or goods in this Commonwealth." (*See* KRS 454.210(2)(a)(1) & (2)(a)(2).)

First, there is nothing to establish that the ECN defendants transacted business in Kentucky. To determine if a defendant "transacted any business in the Commonwealth" sufficient to confer personal jurisdiction, a court may look to whether the defendant signed long-term contracts with Kentucky residents, whether such contracts were governed by Kentucky law, or whether such contracts compelled payments into Kentucky. *See generally, Wagstaff*, 502 B.R. at 496. The court must then determine if the plaintiff's claims "arise from" any of those business transactions. *Id.* at 496-97. In this case, Plaintiffs fail to make a *prima facie* showing that the ECN defendants transacted any business in

Kentucky. Indeed, the pleadings and affidavits show that Plaintiffs' leases were signed by a Mississippi and a Georgia resident, were governed by Pennsylvania law, and compelled lease payments to be sent to a Pennsylvania company. (*See* Exs. A & B at ¶¶ 10.A., 23, & 25.) None of this establishes that the ECN defendants transacted any business in Kentucky, much less that Plaintiffs' claims arose therefrom.

Second, there is nothing to establish that the ECN defendants contracted to supply goods in Kentucky. To determine if a defendant "contract[ed] to supply . . . goods in this Commonwealth" sufficient to confer personal jurisdiction, a court may consider where the provider of the goods is located, where the goods changed hands, and where money for the goods is paid.[2] *See generally, Allen v. Jones*, 372 S.W.3d 441, 443-45 (Ky. Ct. App. 2012). In *Allen*, a Kentucky resident purchased a truck in Tennessee, from a Tennessee resident, in the front yard of the seller's Tennessee home. *See id.* at 443. Simply because that truck was involved in an accident in the Commonwealth did not mean that the supplier of that good could be made a defendant in a Kentucky court. *See id.* The same reasoning applies here. Plaintiffs fail to make a *prima facie* showing that the ECN defendants contracted to supply goods in Kentucky. Indeed, actual truck leasing occurred in Indiana or Texas. (*See* ECF No. 21-1 at ¶ 24.) Title to the trucks was retained by the lessor, in Pennsylvania. (*See* Exs. A & B ¶ 20.) Lease payments were made to a Pennsylvania company. (*See id.* at ¶ 10.A.) Furthermore, this lawsuit does not arise from the good that was leased. Indeed, there is no breach of warranty or other claim relating to the good itself. Plaintiffs' Complaint focuses on how the leases themselves, when combined with the terms and conditions of their employment, impacted Plaintiffs' rights to be free from

---

[2] Plaintiffs allege receiving a good in the form of a tractor trailer. Nowhere in the Complaint do they allege receiving a service.

involuntary servitude. Moreover, the type of dispute alleged here, Plaintiffs expressly agreed, would be governed by Pennsylvania law and litigated *only* in a Pennsylvania court. (*See* Exs. A & B at ¶ 25.) Accordingly, the ECN defendants cannot be subject to personal jurisdiction in Kentucky under the state's long arm statute. *See Caesars*, 336 S.W.3d at 56.

### B. Exercising Personal Jurisdiction Over The ECN Defendants Would Violate the Due Process Clause

In addition, this Court cannot exercise personal jurisdiction over the ECN defendants without violating the Due Process Clause. To afford the ECN defendants due process, personal jurisdiction may be either "general" or "specific." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). General jurisdiction exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* The defendant must be "at home" in the forum state, having its principal place of business there or be organized under the laws of the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S. Ct. 746, 761-62 (2014). Plaintiffs make no allegation, and there is no evidence in the record, that either of the ECN defendants maintain continuous and systematic contacts with the Commonwealth of Kentucky. Further, Plaintiffs allege that ECN defendants are incorporated and maintain principal places of business outside of the Commonwealth of Kentucky. Thus, the Court has no general jurisdiction in this case.

An exercise of specific jurisdiction is proper only where the claims in the case arise from or are related to the defendant's contacts with the forum state. *See Intera Corp.*, 428 F.3d at 615. The Sixth Circuit provides a three-prong test that not only guides the

determination of whether specific jurisdiction exists but also protects the due process rights of a defendant. *Intera Corp.*, 428 F.3d at 615. The test provides:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*See id.* Plaintiffs fail to establish *prima facie* evidence that the Court can exercise specific jurisdiction over the ECN defendants in this case.

### 1.    The ECN Defendants Did Not Purposefully Avail Themselves of the Benefits and Protections of Kentucky Law

The purposeful availment prong is "essential to a finding of personal jurisdiction." *Intera Corp.*, 428 F.3d. at 616. This requirement ensures that a defendant will not be haled into a jurisdiction by virtue of "random," "fortuitous," or "attenuated" contacts. *Id.* In matters where an agreement centers the dispute, as the leases do in this case, the Sixth Circuit emphasizes that the Court should focus its purposeful availment analysis on the *quality* of the parties' relationship and the actual course of dealings between the parties. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000). The determinative factor is not where the plaintiff alleges a negative economic impact to occur, but whether the obligation of the underlying agreement arose from a privilege that the defendant exercised in the forum state. *See id.*

In this case, Plaintiffs do not have agreements with either of the ECN defendants. They contracted with Element Financial Corp., a Pennsylvania resident. The obligations that Plaintiffs undertook in their leases with Element Financial Corp. are set forth in Individual Program Lease Agreements, referenced in, but not attached to, Plaintiffs'

Complaint. In relevant part, Plaintiffs agreed to lease their vehicle from Element Financial Corp. (*see* Exs. A & B at ¶ 1); to use the vehicle for transportation (*see* Exs. A & B at ¶ 4); to insure the vehicle (*see* Exs. A & B at ¶ 6), and to pay for their exclusive right to use the vehicle (*see* Exs. A & B at ¶ 10). Plaintiffs do not allege anywhere in the Complaint that the ECN defendants derived these benefits or enforced these obligations by availing themselves of the privileges of Kentucky law. There is no allegation that Plaintiffs' vehicles were repossessed in Kentucky when they defaulted or that Plaintiffs were sued for unpaid amounts in Kentucky. The only evidence on privileges of state law is that Plaintiffs and Element Financial Corp. expressly agreed that the enforcement of contractual rights would depend on Pennsylvania law, excluding conflicts principles. (*See* Exs. A & B at ¶ 25.) Even to the extent that these privileges inured to the benefit of the ECN defendants, no one asserts that those privileges crossed into Kentucky.

Plaintiffs also allege, on information and belief, that "Element Defendants," defined to include the ECN defendants, have joint agreements with PTL to administer the "Lease-Purchase Program" in which Plaintiffs participated and were purportedly harmed by. (*See* Compl. ¶ 87.) Assuming that such agreements exist between PTL and the ECN defendants, there is no allegation that the performance of such agreements connects the ECN defendants to Kentucky. It is not enough that PTL is a Kentucky resident and that the ECN defendants' supposed predecessor did business with it. *See Calphalon Corp.*, 228 F.3d at 723 (affirming dismissal for lack of personal jurisdiction despite defendant contracting with and representing brand of Ohio company). To be sued in Kentucky, the ECN defendants must have availed themselves of the benefits or protections of Kentucky law. Plaintiffs do not allege they did so in their purported agreements with PTL.

11

Accordingly, Plaintiffs fail to make a *prima facie* showing that the ECN defendants purposely availed themselves of the privileges of the forum state.

### 2. Plaintiffs' Claims Do Not "Arise From" Contacts with Kentucky

Even if an agreement with a Kentucky business, PTL, could establish purposeful availment (though it cannot), Plaintiffs' claims must arise from that agreement. Plaintiffs do not make such allegations. They allege that if they stopped driving for PTL, started taking on loads from other carriers, or stopped making lease payments, the ECN defendants (among others) could accelerate lease payments and repossess their vehicles—thus creating conditions sufficient to violate the FFLS. (*See* Compl. ¶¶ 43-45, 84-85, 136 & 140.) Plaintiffs acknowledge that these rights arise out of the language of Plaintiffs' lease agreements with Element Financial Corp. (*See, e.g., id.* ¶¶ 136 & 140.) As such, the leases form "the very soil from which th[is] action . . . grew." *Calphalon Corp.*, 228 F.3d at 724. Enforcement of those leases, as set forth above, does not require or even allow for contacts in Kentucky. (*See* Exs. A & B at ¶ 25.) Those rights can only be enforced in Pennsylvania. (*See* Exs. A & B at ¶ 25.) Therefore, Plaintiffs fail to make a *prima facie* showing that this case arises from the ECN defendants' contacts with Kentucky.

### 3. Exercising Personal Jurisdiction Over the ECN Defendants Would Not Be Constitutionally Reasonable

Lastly, the alleged acts of the ECN defendants or consequences caused by the ECN defendants must have a substantial enough connection with Kentucky to make the exercise of jurisdiction over them reasonable. *See Intera Corp.*, 428 F.3d at 618. "[W]hen considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors, including the following: (1) the burden

on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution. *See id.*

First, the ECN defendants are alleged to reside in Canada and Pennsylvania and would be burdened by defending a class action in Kentucky.

Second, Plaintiffs themselves are not residents of Kentucky, and therefore, the Commonwealth's interest in resolving their claims is negligible, at best. Though PTL resides in Kentucky, the claims against it are predominantly federal in nature, and no Kentucky court can assert a greater interest in deciding them than a U.S. district court in any other state.

Third, Plaintiffs could have sought relief in Pennsylvania and, indeed, tried to, but inexplicably failed to name or serve the ECN defendants there and agreed to transfer here where there is no personal jurisdiction.

Fourth, as detailed above, any Pennsylvania court will have a greater interest in resolving claims against the ECN defendants than the courts of the Commonwealth of Kentucky.

Thus, it would not be reasonable for this Court to exercise personal jurisdiction over the ECN defendants.

## CONCLUSION

For the foregoing reasons, Defendants ECN Capital Corp. and ECN Financial LLC respectfully request dismissal of the Complaint, with prejudice, for lack of personal jurisdiction. To the extent the Court believes an evidentiary hearing is necessary to resolve the jurisdictional issues, the ECN defendants request expedited jurisdictional discovery and a stay of all matters pertaining to Plaintiffs' substantive claims.

Respectfully submitted,

/s/ Matthew P. Cook
Matthew P. Cook
Kerrick Bachert, PSC
1025 State Street
P.O. Box 9547
Bowling Green, KY 42101
Telephone:  (270) 782-8160
Facsimile:  (270) 782-5856
mcook@kerricklaw.com

Amy J. Traub  (Pro Hac Vice Motion Forthcoming)
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
atraub@bakerlaw.com


John C. McIlwee  (Pro Hac Vice Motion Forthcoming)
Baker & Hostetler LLP
191 N. Wacker Dr., Ste. 3100
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
jmcilwee@bakerlaw.com

*Attorneys for ECN Capital Corp.*
*and ECN Financial LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2019, a true and accurate copy of the foregoing was served via the Court's ECF system on the following counsel of record:

| | |
|---|---|
| Manali Arora | marora@swartz-legal.com |
| Joshua S. Boyette | jboyette@swartz-legal.com |
| Adam J. Eakman | aeakman@scopelitis.com |
| Christopher J. Eckhart | ceckhart@scopelitis.com |
| James A. Eckhart | jeckhart@scopelitis.com |
| Richard L. Etter | retter@foxrothschild.com |
| David S. Fryman | fryman@ballardspahr.com |
| Kyle D. Johnson | kjohnson@fbtlaw.com |
| Travis Martindale-Jarvis | tmartindale@swartz-legal.com |
| Elizabeth A. Paynter | apaynter@scopelitis.com |
| Christopher E. Polchin | cpolchin@foxrothschild.com |
| Christopher E. Schaefer | Christopher.schaefer@skofirm.com |
| Van F. Sims | vsims@boswell-law.com |
| Justin L. Swidler | jswidler@swartz-legal.com |

*/s/ Matthew P. Cook*
Matthew P. Cook
*Attorney for ECN Capital Corp.*
*and ECN Financial LLC*