**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAHDIVISION**
**Case No. 5:18-cv-00041-BJB-LLK**

GALE CARTER and FORBES HAYS, on                                    PLAINTIFFS
behalf of themselves and those similarly
situated,

v.

PASCHALL TRUCK LINES, INC.;                                    DEFENDANTS
ELEMENT FLEET MANAGEMENT
CORP.; and JOHN DOES 1–20,

**OPINION AND ORDER**

Before the Court is Defendant Paschall Truck Lines, Inc.'s ("PTL") Motion for Order

Regarding Opt-In Plaintiff Discovery. [DN 272]. While the parties agree that some Opt-In

Plaintiff discovery is warranted, they dispute both how many Opt-In Plaintiffs may be subjected

to discovery and how they should be selected. *Id.* at 2; Br. Supp. Plaintiff's Cross-Mot.

Protective Order and Opp'n Def.'s Mot. Disc. Order Regarding Opt-In Pls. [DN 273] at 1–3. For

the reasons that follow, the Court **DENIES** PTL's Motion for Order Regarding Opt-In Plaintiff

Discovery *without prejudice*.

**Factual Summary and Procedural History**

This claim is expressed in Plaintiff Carter's Second Amended Complaint, filed October

15, 2018. Mot. Order Regarding Opt-In Plaintiff Disc. [DN 272] at 4. Plaintiffs contend that they

and others similarly situated were misclassified by PTL resulting in violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, The Truth in Leasing Act, 49 U.S.C. § 14704

*et seq.*, the Federal Forced Labor Statute, 18 U.S.C. §§ 1589 and 1595, and common law unjust

enrichment. Second Am. Individual, Collective, and Class Action Civil Compl. [DN 103] at 27–

30. Plaintiffs filed, and the Court granted, a Motion for Conditional Certification under the FLSA

1

claim, conditionally certifying an FLSA Class comprised of "any driver who drove for [PTL] from October 12, 2014, through the present, signed an Independent Contractor Service Agreement with [PTL], and had an agreement whereby [PTL] would remit truck lease payments to a lease vendor. Mem. Op. Order of April 10, 2019[DN 161] at 10. Plaintiffs additionally sought to certify a class under Federal Rule of Civil Procedure 23 but were unsuccessful. Plaintiff's Mot. Rule 23(B)(3) Class Certification [DN 218]; [DN 254].

Pursuant to this Court's Order conditionally certifying an FLSA Class and its accompanying Meet and Confer Order, the parties submitted, and the Court approved, a proposed litigation schedule that set the fact discovery deadline on December 31, 2023. Joint Mot. Proposed Scheduling Order [DN 264]; Text Order of April 25, 2023 [DN 265]. The parties engaged in discovery negotiations from April 25, 2023, until June 8, 2023. During the negotiations the parties could not reconcile how many Opt-In Plaintiffs would be subject to discovery and how those Opt-In Plaintiffs would be selected. *See* Def.'s Mot. Order Regarding Opt-In Plaintiff Disc.[DN 272] at 5–7; Br. Supp. Plaintiff's Cross-Mot. Protective Order and Opp'n Def.'s Mot. Disc. Order Regarding Opt-In Pls. [DN 273] at 5–7. The instant motion followed. *Id.*

PTL requests that it be allowed to propound written discovery on 200 randomly selected Opt-In Plaintiffs.  Def.'s Mot. Order Regarding Opt-In Plaintiff Disc. [DN 272] at 18. PTL further requests that it be allowed to select 30 Opt-In Plaintiffs from the 200 randomly selected Opt-In Plaintiffs to depose. *Id.* at 19. Finally, PTL asserts the right to depose "any other Opt-In Plaintiff or other witness who files an affidavit or declaration in support of final certification or who [Plaintiffs disclose] as a witness for trial." *Id.*

Plaintiffs ask that we deny PTL's motion; permitting PTL to use its five remaining standard depositions to depose the Opt-In Plaintiffs of their choosing and agreeing to produce any Opt-In Plaintiff identified as a witness for trial to be deposed. Br. Supp. Plaintiff's Cross-Mot. Protective Order and Opp'n Def.'s Mot. Disc. Order Regarding Opt-In Pls. [DN 273] at 4. In the alternative, Plaintiffs request this Court limit opt-in discovery to 30 randomly selected Opt-In Plaintiffs, who would be subject to both written discovery and depositions. *Id.* Plaintiffs maintain they would produce Opt-In Plaintiffs identified as witnesses for trial for PTL to depose. *Id.*

## Legal Standard

For FSLA Class claims, this Circuit follows the procedure laid out in *Clark v. A&L Homecare and Training Ctr, LLC*, 68 F.4th 1003 (6th Cir. 2023). Before *Clark*, this Court followed the approach to class certification established by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987). *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006); *Askew v. Inter-Continental Hotels Corp.*, 620 F. Supp. 3d 635, 636 (W.D. Ky. 2022) (Beaton, J.). This process first requires plaintiffs move to conditionally certify the collective action through submitting evidence establishing "a modest factual showing" that their "position is similar, not identical, to the positions held by putative class members." Comer, 454 F.3d at 546–67. If successful, plaintiffs use the court's notice procedures to notify putative class members. *Id.* at 546. The second step occurs at the close of discovery, where the Court determines if putative class members actually are "similarly situated" to the named plaintiffs. *Id.* at 547. After that determination, the case proceeds as a representative action for trial. *Id.* at 546.

In *Clark*, the Sixth Circuit questioned this conditional certification process. 68 F.4th at 1008. The *Clark* court distinguished FLSA collective actions from Rule 23 class actions,

expressly stating that "an FLSA collective action is not representative—meaning that all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action." *Id.* at 1009 (cleaned up). This leaves opt-in plaintiffs with "the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Id.* (citing *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402–03 (6th Cir. 2021)). The *Clark* court emphasized that the distinction is not merely semantic: courts were mistaken when they asserted that "conditional certification" changed the character of the case. *Id.* ("[A]ny number of courts have asserted that, after conditional certification, the case then 'proceeds' as a 'collective' or even a 'representative' action. Those assertions are mistaken[.]) (citations omitted); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees.").

Neither the FLSA nor the Sixth Circuit cases outlining the two-step process directly address the issue of whether representative discovery is required for conditionally certified FSLA classes. In *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017), the Sixth Circuit acknowledged that "representative testimony from a subset of plaintiffs [can] be used to facilitate the presentation of proof of FLSA violations, when such proof would normally be individualized." 860 F.3d at 407. However, this case arose from an appeal of a denial of a motion to decertify a collective action—not from discovery during the certification period. *Id.* at 401–02. Courts nationwide have been divided on how to treat conditionally certified FSLA classes during discovery. Some courts treat opt-in plaintiffs "as ordinary party plaintiffs subject to the full range of discovery permitted by the [FRCP.]" *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 7385990 at *2 (N.D. Cal. Dec. 29, 2014) (citing *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587-RLH-PAL, 2008 WL 2457912 at *2 (D. Nev. June 16, 2008))

(collecting cases from Washington, California, Kansas, Nevada, Virginia, New York, and Florida). Other courts hold that Rule 23 class action rules should apply to conditionally certified FLSA classes, limiting discovery to class-wide and class-based requests. *See Id.* (citing cases from Illinois, Ohio, Nebraska, Nevada, and Texas).

Thus, the issue before the Court is twofold. First, was representative discovery required when an FSLA Class was conditionally certified before the Sixth Circuit issued *Clark*? Second, did *Clark* or later cases change that requirement? Based on this Circuit's caselaw, the Court finds that representative discovery is neither required nor forbidden post-*Clark*.

## Analysis

### Is Representative Discovery Required in FLSA Cases when a Conditional Class has been Certified?

Two cases directly address the question of mandatory representative proof in the Western District of Kentucky, but both pre-date *Clark*. *See Ross v. Jack Rabbit Services, LLC*, No. 3:14-cv-00044-DJH, 2015 WL 1565430 (W.D. Ky. April 8, 2015); *Branson v. Alliance Coal, LLC*, No. 4:19-cv-00155-JHM-HBB, 2022 WL 2717625 (W.D. Ky. July 13, 2022). In *Ross*, roadside technicians brought an action under the FLSA challenging their employer's practice of classifying workers as independent contractors. 2015 WL at *1. The court conditionally certified the plaintiff's class, which included 237 individuals from 29 different states. *Id.* The defendant sent discovery requests to the named plaintiff and all 236 opt-in plaintiffs consisting of "20 interrogatories and 15 requests to produce documents." *Id.* Plaintiffs objected to this discovery as unduly burdensome and sought to use a random sample of 10% of the opt-in class to answer discovery. The court held that representative discovery was required. *Id.* at 3. To reach this conclusion, the court considered the size of the class, the costs and burdens of discovery, the type

of discovery sought, and case law from sister courts permitting representative sampling even when a defendant intends to move for class decertification. *Id.* at 2–3.

The Eastern District of Kentucky has not read *Ross* as requiring only representative discovery. In *Brewer v. Alliance Coal, LLC*, No. 7:20-cv-00041-DLB-EBA, 2022 WL 5199868 (E.D. Ky. October 5, 2022), a coal miner challenged his employer's practice of having employees arrive to work prior to their scheduled shifts under the FSLA. 2022 WL at *1. Using the conditional certification process, Brewer created an FSLA Class with 31 opt-in plaintiffs. *Id.* Magistrate Judge Edward Atkins assessed the defendant's request (after conditional certification but before the close of discovery) to compel depositions of all individuals submitting affidavits or declarations on the Plaintiff's behalf, individualized discovery as to the remaining opt-in plaintiffs, and compelling production of 15 interrogatories and 9 requests for production on all 31 opt-in plaintiffs. *Id.* at *3. Rather than requiring representative discovery, Judge Atkins applied the factors used by this Court in *Ross* to each of the requested discovery items. *Id.* at 5–8. Judge Atkins permitted the defendant to depose all individuals submitting affidavits, to serve 15 interrogatories and 7 requests for production on all opt-in plaintiffs, and to depose 10 additional opt-in plaintiffs to test responses to written discovery. *Id.* at 7–8.

Additionally, in *Branson v. Alliance Coal, LLC*, No. 4:19-cv-00155-JHM-HBB, 2022 WL 2717625 (W.D. Ky. July 13, 2022), the Western District of Kentucky confronted the question of what discovery is necessary "to determine whether [] opt-in plaintiffs are 'similarly situated,'" for the purpose of final certification in FLSA actions. *Id.* at 5. In *Branson*, employees of a coal mine alleged their employer violated the FLSA. *Id.* at *1. The court conditionally certified a class of 526 opt-in plaintiffs. During discovery, the defendants sought individualized discovery on those submitting affidavits, written discovery on 150 randomly selected opt-in

plaintiffs, depositions of 120 randomly selected opt-in plaintiffs, and depositions of 30 defendant-selected opt-in plaintiffs. *Id.* at *2. The *Branson* court required defendants conduct only representative discovery. *Id.* at 5–8. The *Branson* court identified language in *Monroe* endorsing representative proof in FLSA matters. *Id.* The court was emphatic that this discovery must be conducted at random, since doing otherwise would undermine the reliability of the data. *Id.* at *8. Pure statistical significance was not the only consideration, the court also considered the burden on the parties. *Id.* at *6. To be fair, the *Branson* court also indicated that restricting one party to representative proof and allowing another party to cherry-pick their data is inequitable. *Id.* at *8. However, this statement responded to a motion requesting documentation about non-plaintiffs. *Id.* at *9. Regardless of the inequity, the explicit statements of the Sixth Circuit in *Monroe* and the *Branson* court's findings establish that representative discovery is permitted to show a purported plaintiff is "similarly situated."

Based on this precedent, once an FSLA Class has been conditionally certified trial courts must evaluate each discovery request under the factors imposed by this Court in *Ross*: considering the size of the class, the costs and burdens of discovery, and the type of discovery sought. Therefore, the answer to the Court's first question is clear: representative discovery is permitted but not required when an FSLA Class has been conditionally certified.

**Did *Clark* or a Later Case Change the Pre-existing Standard for Representative Discovery After an FLSA Conditional Class has been Certified?**

PTL contends that the *Clark* court, in addition to changing the "'fairly lenient standard' that 'typically results in conditional certification of a representative class,'" also changed how opt-in plaintiffs are treated in the discovery stage.  Def.'s Mot. Order Regarding Opt-In Plaintiff Disc.[DN 272] at 7, 9 (citing *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012)). Even though the *Clark* court directly addressed the two-step process of certifying an

FLSA Class, it did not clearly overturn the Sixth Circuit's holding that the FSLA permits representative discovery. *Monroe*, 860 F.3d at 407. The *Monroe* court's language was unequivocal, stating "[i]n FLSA cases, the use of representative testimony to establish class-wide liability has long been accepted." *Id.* at 408. However, the representative testimony in *Monroe* was challenged for sufficiency at trial, not to certify an FSLA Class before trial. *Id.* at 402. The parties do not cite, nor has the Court found, any authority applying *Clark* (or an analogous Fifth Circuit case, *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021)) to the question of whether representative discovery is appropriate, once an FLSA Class has been conditionally certified. Nor do the principles laid out by this Court in *Ross* rely on the FLSA Class conditional certification process; they address typical discovery questions like the burden on the parties, whether requested evidence is duplicative, and the benefit of further discovery. *See, e.g.*, Fed. R. Civ. P. 26(b).  Therefore, lacking clear direction to the contrary, this Court is bound by existing Sixth Circuit precedent and holds *Clark* does not stand for the proposition that representative discovery cannot be conducted in FLSA Class cases.

**Conclusion**

Because this Court evaluates discovery requests for conditionally certified FLSA Class cases under the factors it explained in *Ross*, and because neither Defendant's Motion nor Plaintiff's Brief in Opposition adequately advise the Court on these factors, the Court **DENIES** Defendant's Motion for Order Regarding Opt-In Plaintiff Discovery [DN 272] **WITHOUT PREJUDICE**.

September 29, 2023

**Lanny King, Magistrate Judge**
**United States District Court**